IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
CIVIL ACTION-LAW DIVISION

| | | |
|---|---|---|
| BERNIE CLEMENS AND NICOLE | : | |
| CLEMENS, | : | Civil Action No. 3:13-cv-02447 |
|     Plaintiffs, | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| NEW YORK CENTRAL MUTUAL FIRE | : | |
| INSURANCE COMPANY AND/OR | : | |
| NYCM INSURANCE GROUP AND/OR | : | |
| NYCM HOLDING, INC. | : | |
| | : | |
|     Defendants, | : | |

PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)
MOTION TO STRIKE PURSUANT TO RULE 12(f)

AND  NOW comes Plaintiffs, Bernie Clemens and Nicole Clemens, by and through the

Pisanchyn Law Firm and the undersigned counsel, M. Lee Albright, Esquire, in response to

Defendants' Motion to Dismiss pursuant to Rule 12(b)(6)/Motion to Strike pursuant to Rule

12(f) and respectfully submits as follows:

1. DENIED.  It is specifically denied that Count II of Plaintiffs' Complaint fails to state a

    claim for bad faith.  It if further specifically denied Plaintiffs' Complaint contains

    "conclusory allegations using boilerplate language."  To the contrary, clearly and

    specifically sets out that Defendants have frivolously and/or for an unfounded reason has

    refused and continues to refuse to pay the proceeds of an insurance policy to its insureds.

    Strict proof is demanded.

2. DENIED.  It is specifically denied that Count II of Plaintiffs' claim is barred and/or

    limited by the statute of limitations.  To the contrary, the claims put forward in Count II

    of Plaintiffs' Complaint were timely filed.  Strict proof is demanded.

3. DENIED.  It is specifically denied that Defendants did not owe a fiduciary duty to Plaintiffs pursuant to the subject policy.  To the contrary, the subject contract and the duties it imposed gave rise to a fiduciary duty between the parties.  The insurer assumed a fiduciary duty when it asserted a stated right under the policy to handle all claims against the insured,  including the right to make a binding settlement.  Strict proof is demanded.

4. DENIED.  It is specifically denied that Plaintiffs' Complaint includes immaterial, impertinent, or scandalous material.  To the contrary, the contents of Plaintiffs' Complaint are relevant and material in proving the cause of action.  Strict proof demanded.

5. DENIED.  It is specifically denied that Plaintiffs' Complaint in subsections of Paragraph 68 are redundant.  To the contrary, each subsection in paragraph 68 of Plaintiffs' Complaint contains distinct and separate averments made against Defendants.  Strict proof demanded.

6. DENIED.  It is specifically denied that Plaintiffs' Complaint in subsections of paragraph 68 are redundant.  To the contrary, each subsection in paragraph 68 of Plaintiffs' Complaint contains distinct and separate averments made against Defendants.  Strict proof demanded.

7. DENIED.  It is specifically denied that Plaintiffs' Complaint in subsections of paragraph 68 are redundant.  To the contrary, each subsection in paragraph 68 of Plaintiffs' Complaint contains distinct and separate averments made against Defendants.  Strict proof demanded.

8. DENIED.  It is specifically denied that Plaintiffs' Complaint in subsections of paragraph 68 are redundant.  To the contrary, each subsection in paragraph 68 of Plaintiffs'

Complaint contains distinct and separate averments made against Defendants.  Strict proof demanded.

9.  DENIED.  It is specifically denied that Plaintiffs' Complaint in subsections of paragraph 68 are redundant.  To the contrary, each subsection in paragraph 68 of Plaintiffs' Complaint contains distinct and separate averments made against Defendants.  Strict proof demanded.

10. DENIED.  It is specifically denied that Plaintiffs' Complaint in subsections of paragraph 68 are redundant.  To the contrary, each subsection in paragraph 68 of Plaintiffs' Complaint contains distinct and separate averments made against Defendants.  Strict proof demanded.

11. ADMITTED.

**WHEREFORE**, Plaintiffs, Bernie Clemens and Nicole Clemens, respectfully request this Honorable Court to DENY Defendant's Motion to Dismiss Count II of Plaintiffs' Complaint and DENY Defendant's Motion to Dismiss and/or Strike the aforementioned paragraphs.

Respectfully submitted,

THE PISANCHYN LAW FIRM

BY: /s/ Marsha Lee Albright, Esquire
Attorney I.D. 92765
524 Spruce Street
Scranton, PA 18503
DATE: 10/12/13                 570-344-1234

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
CIVIL ACTION-LAW DIVISION

| | | |
|---|---|---|
| BERNIE CLEMENS AND NICOLE | : | |
| CLEMENS, | : | Civil Action No. 3:13-cv-02447 |
| Plaintiffs, | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| NEW YORK CENTRAL MUTUAL FIRE | : | |
| INSURANCE COMPANY AND/OR | : | |
| NYCM INSURANCE GROUP AND/OR | : | |
| NYCM HOLDING, INC. | : | |
| | : | |
| | : | |
| Defendants, | : | |

PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)/
MOTION TO STRIKE PURSUANT TO RULE 12 (f)

AND NOW, comes Plaintiffs, Bernie Clemens and Nicole Clemens, by and through the

Pisanchyn Law Firm and the undersigned counsel, M. Lee Albright, Esquire and respectfully

submits their Brief in Opposition to Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6)

and Motion to Strike pursuant to Rule 12(f) and avers as follows:

I.      STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of

the complaint. Conley v. Gibson, 355 U.S. 41 (1957).  In reviewing a motion to dismiss, all

allegations in the complaint and all reasonable inferences that can be drawn therefrom must be

accepted as true and viewed in light most favorable to the non-moving party.  Rocks v.

Philadelphia, 868 F.2d 644(3d. Cir. 1989).  A complaint does not need to contain a lengthy

recitation of facts to withstand a motion to dismiss.  Bogosian v. Gulf Oil Corp., 561 F.2d 434

(3d Cir. 1977).  All a plaintiff must do in his complaint is give a "short and plain statement of the

claim that will give each defendant fair notice of what plaintiff's claim is and the grounds upon

which it rests.  <u>Conley</u>, Id. at 47.  Therefore, the Honorable Court must accept the facts contained in Plaintiffs' Complaint as true.

II.   <u>FACTS</u>

On August 26, 2009, Bernie Clemens was a passenger in a vehicle driven by Mr. Tim Kruger When Ms. Ana Burrell, while operating her motor vehicle failed to stop for a clearly posted stop sign caused the collision to occur.  As a result of the collision, Mr. Clemens received serious injuries.  At this date and time, Mr. Tim Kruger had a insurance policy in effect with Defendants wherein there is a coverage available for underinsured motorist benefits in the amount of Fifty Thousand Dollars ($50,000.00).  Plaintiffs settled the third party tort feasor claims for policy limits.

On or about August 26, 2013,  Plaintiffs filed their Complaint in the Court of Common Pleas of Monroe County averring two Counts against Defendants, one for Breach of Contract and one for Bad Faith.

On September 24, 2013, Defendants removed this matter before this Honorable Court stating diversity.  On or about October 1, Defendants filed their Motion to Dismiss/Motion to Strike, the instant matter before this Honorable Court.

III.   <u>ARGUMENT</u>

**A.  Plaintiffs have sufficiently plead the claim for Bad Faith against Defendants.**

"[S]triking a pleading is a 'drastic remedy' to be used sparingly because of the difficulty of deciding a case without a factual record."  <u>*BJ Energy, LLC v. PJM Interconnection, LLC,*</u> Nos. 08-3649, 09-2864, 2010 WL 1491900, at *1 (E.D. Pa. Apr. 13, 2010) (quoting *N. Penn. <u>Transfer, Inc. v. Victaulic Co. of Am.</u>*, 859 F. Supp. 154, 158-59 (E.D. Pa. 1994)).  Motions to strike "are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues."  <u>*N. Penn. Transfer,*</u> 859 F. Supp. At 158 (internal quotation marks omitted).

"Bad faith will be shown where an insurer has for a frivolous or unfounded reason refuses to pay the proceeds of a policy to its insured.  This is so because an insurer has a duty to act with the utmost good faith towards its insured." *Hollock v. Erie Insurance Exchange*, 842 A. 2d 409, 416 (Pa. Supr. 2004) (internal cites omitted).

**It is important to note that this Honorable Court has previously determined this exact issue.**  In Goshorn v. Westfield Insurance Co., No. 1:12-cv-0517 (M.D. Pa. May 4, 2012) this Honorable Court denied Defendants' Motion to Dismiss the bad faith count filed by the Plaintiff in a breach of contract case as a result of an underinsured motorist claim. The third party case was settled by the Plaintiff for $97,000 of a $100,000 policy and then an underinsured motorist claim initiated. After not receiving any response to initial demand for UIM monies the Plaintiff filed suit in county court which was removed to federal court.  The insurance company filed a Motion to Dismiss the bad faith count of the Complaint. The Court reviews the law in order for a Plaintiff to successfully recover under a bad faith claim. The two requirements are that she must (1) show that the insurer did not have a reasonable basis for denying benefits and (2) the insurer knew or recklessly disregarded the lack of reasonable basis for denying the claim. Also observed is the heightened burden of proof to demonstrate the bad faith by clear and convincing evidence.  Applying these high standards this Honorable Court found that "at this early stage in the litigation", the Plaintiff properly pled a claim for bad faith and at this stage the claim can proceed.

Here, as in Goshorn, Plaintiffs' Complaint contains numerous averments as to Defendants actions and or inactions in regards to Plaintiffs' claim for underinsured motorist benefits.(See including but not limited to, Count II of Plaintiffs' Complaint.) Additionally, Defendants were in receipt of Plaintiff's medical records in which multiple physicians indicated

that Plaintiff's injuries were directly related to the accident.  With these facts alone, Plaintiff can prove that denying this claim in direct contradiction to the conclusions of Plaintiff's treating physicians was an unreasonable basis for the denial.  Plaintiff has alleged that Defendants made up their mind about the case prior to a full review of the records and after receiving the records, either ignored them or failed to even consider them.

Defendant have not provided supporting averments that it had a reasonable basis for its actions and the facts alleged in the complaint support the allegation that the denial was unreasonable and Defendant offers no facts in the current motion to support the affirmative defense.  Here, without opposing, contradicting facts, bad faith is apparent.  Therefore, Defendant's Motion to Dismiss Count II of Plaintiffs' Complaint must be denied and Plaintiff must be allowed to proceed with discovery to uncover Defendant's factual basis for its claim that it acted reasonably when refusing to make any offer of settlement on Plaintiff's UIM claim or if the denial was "frivolous or unfounded."

### B.  Statute of Limitations

Defendants next argue that Plaintiffs' claims in Count II are barred by the Statute of Limitations.  In support of the same, Defendants cite Ash v. Cont'l Ins. Co., 932 A.2d 877 (Pa. 2007).  Ash is clearly distinguishable.

In Ash, Plaintiffs' property was damaged by fire in 2000.  As a result they made a claim for damages to their insurance company which was denied that same year based on fraud and/or concealment.  On May 3, 2002, Plaintiffs filed their complaint against the insurance company for breach of contract.  The subject contract, however, contained a one-year statute of limitations

which required Plaintiffs to file within that time.  Plaintiffs sought leave of Court to amend their Complaint by adding a claim for bad faith and were denied.

In the present case, the subject contract is silent as to the statute of limitations. Additionally, Defendants have failed to set forth the facts demonstrating that Plaintiffs have filed their action outside of the allowable time period.  Moreover, it is respectively submitted in review of the record that Plaintiffs have filed their claims timely.

**C. Fiduciary relationship between Plaintiffs and Defendant.**

Defendant next seeks to strike paragraph 68 (qq) of Plaintiffs' Complaint alleging no

fiduciary relationship exists between the Plaintiff and Defendant.  In support of the same, Defendant cites Connecticut Indem. Co. v. Markman, 1993 WL 304056 (E.D. Pa. 1993). Connecticut is distinguishable.

In Connecticut, the insurance company sought to have the Honorable Court declare the insurance policy void or rescinded because of material representations made by the insured.  The insured filed a counterclaim with five counts including, inter alia, Bad Faith and Breach of Contract.  The Court found that the mere fact that the parties entered into an insurance contract did not on its own create a fiduciary relationship.

However, the Court also determined "the contract and duties it imposes can give rise to a fiduciary relationship between the parties. Under Pennsylvania law, an insurer assumes a fiduciary duty when it asserts a stated right under the policy to handle all claims against the insured, including the right to make a binding settlement.  Gedeon v. State Farm Mutual Automobile Ins. Co., 609 A.2d 569 (Pa. Super. 1992).

In the present matter, Paragraph 68 (qq) of Plaintiffs' Complaint provides that Defendants conducted themselves in bad faith during the course of Plaintiffs' underinsured motorist claim, and the Defendant engaged in unreasonable, abusive, and dilatory claims practices including, but not limited "by assuming a fiduciary obligation and then failing to carry out the same in good faith."

In light of the aforementioned, Defendants Motion to Strike paragraph 68(qq) should be denied.

**D. Material and Pertinent Matter.**

Defendants next argue that  Plaintiffs' Complaint contains impertinent allegations immaterial to the cause of action and requests a overbroad and general remedy seeking to strike paragraphs 68(g), 68(cc), 68(tt), 68(ww), 68(yy), and 68(zz) of Plaintiffs' Complaint.  Plaintiffs' allegations in the Complaint are all relevant and material to the proof of the cause of action. Accordingly, the Complaint must be allowed to stand as it is.

The standard for said objection is provided by the Pennsylvania Courts in Commonwealth D.E.R. v. Peggs Run Coal Co. "Scandalous and impertinent matter" is defined as "allegations ... immaterial and inappropriate to the proof of the cause of action." Common Cause/Pa. v. Commonwealth, 710 A.2d 108, 115 (Pa.Commw.Ct.1998) (citing Department of Envtl. Resources v. Peggs Run Coal Co., 55 Pa. Commw. 312, 423 A.2d 765 (1980).

Pennsylvania courts have been restrained in striking scandalous and impertinent pleadings. However, there is authority for the proposition that, even if the pleading of damages was impertinent matter, that matter need not be stricken but may be treated as "mere surplusage" and ignored. Furthermore, the right of a court to strike impertinent matter should be sparingly exercised and only when a party can affirmatively show prejudice. Commonwealth, Dept. of

Envtl. Resources v. Hartford Accident & Indem. Co., 40 Pa. Commw. 133, 137-38, 396 A.2d 885, 888 (1979) (citations omitted).

In instant case, Plaintiffs have averred within their Complaint that Plaintiffs, Bernie Clemens and Nicole Clemens and Defendants, entered into a contract wherein insurance premiums would be paid and Defendants would provide coverage as provided in the subject policy.  Plaintiffs further aver that Plaintiffs have fully complied with all of the terms, conditions and duties required under the policy.  In addition, Plaintiffs averred that the third party tortfeasor is underinsured and as such pursuant to the Insurance Contract Defendants owes them damages arising out of this motor vehicle collision.  Moreover, Plaintiffs have averred that Defendants have breached their duties and/or obligations under the contract but not limited to Defendants failure to reasonably investigate/evaluate Plaintiffs' claim. A plain reading of Plaintiffs' averments illustrates that the objected to paragraphs are material and appropriate to the proof of the cause of action.

Further, Plaintiffs point out that they have not had the opportunity to even begin discovery in this matter. While Plaintiffs adamantly assert that the Complaint contains no allegations of scandalous or impertinent matter, even if it is somehow determined that the Complaint does contain such allegations, they should be left in the Complaint as "mere surplusage" and ignored.

**E.  Averments Do Not Contain Redundancies.**

Defendants further allege in Paragraphs five (5) through ten (10) of their Motion to Strike that Plaintiffs' Complaint contains redundant allegations.  To the contrary, the averments of Plaintiffs' Complaint are distinct and separate allegations made against Defendants.

For example, Defendants allege paragraphs 68(t) and (ll) are redundant of paragraph 68(f).  See Defendants' Motion paragraph eight (8).  Paragraph 68(t) provides that Defendants acted in bad faith "By compelling Plaintiffs to institute litigation to recover amounts due under the insurance policy by refusing to evaluate and/or investigate Plaintiffs' claim." Paragraph 68(f) provides Defendants acted in bad faith "By causing Plaintiffs' to incur litigation costs, other than attorney's fees, in order to obtain the benefits owed to Plaintiffs and purchased with the premiums promptly paid.".

These two paragraphs are not analogous.  The tolls and inconveniences of initiating a law suit are not limited to "financial costs".  Plaintiffs' are subjected to, inter alia, appearances, questioning, and examinations.  Clearly, these inconveniences and disruptions in the Plaintiffs' lives are in addition to the financial costs incurred when Defendants compelled Plaintiffs to institute suit.  Therefore, Defendants' Motion to Strike should be denied.

**F.  Amount in Controversy.**

28 U.S.C. Section 1332 provides for the requirements under Diversity of citizenship and the amount in controversy.  Under this section, this Honorable Court has original jurisdiction of all civil actions whether the matter in controversy involves citizens of different states and where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

In the present matter, Plaintiffs originally filed their cause of action against Defendants in the Court of Common Pleas of Monroe County.  Defendants removed the matter to this Honorable Court claiming diversity.

Pursuant to the subject insurance, policy there is $50,000 policy limit for the underinsured breach of contract claim.  Therefore, it is respectfully submitted to the Honorable Court, that even if the Defendants were successful in their Motion in Dismissing Count II of

Plaintiffs' Complaint, this may result in the possibility of the amount in controversy requirement

not being met.  In light of the same, Plaintiffs' respectfully request this Honorable Court to

DENY Defendants' Motion to Dismiss and Motion to Strike and Order Defendants to Answer

Plaintiffs' Complaint within twenty (20) days of the Order.

Respectfully submitted,

THE PISANCHYN LAW FIRM


BY: /s/ Marsha Lee Albright, Esquire
I.D. 92765
524 Spruce Street
Scranton, PA 18503
DATE:  10/12/13                          570-344-1234

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

**AND NOW,** Marsha Lee Albright, Esquire, certifies that Pisanchyn Law Firm represents

the interests of Plaintiffs Bernie Clemens and Nicole Clemens and on their behalf did serve a true

and correct copy of the foregoing upon all counsel of record by electronic service and U.S. Mail,

postage prepaid as follows:

Charles E. Haddick, Jr. Esquire
Dickie, McCamey & Chilcote, P.C.
Plaza 21, Suite 302
425 North 21st Street
Camp Hill, PA 17011


DATE:  Electronically filed 10-12-2013
　　　　To be sent U.S. Mail 10-14-2013

BY:  /s/ Marsha Lee Albright, Esquire