In the United States District Court
for the Middle District of Pennsylvania

| | |
|---|---|
| Clemens et al. | : |
|    Plaintiffs | : (Case No. 3:13-2447) |
|    v. | : (Judge Richard P. Conaboy) |
| New York Central Mutual Fire Insurance Company | : |
|    Defendant. | : |

___

### Memorandum

We consider here two motions (Docs. 34 and 36) by Defendant New York Central Mutual Fire Insurance Company to compel responses to interrogatories and production requests it had directed to Plaintiffs Bernie and Nicole Clemens. These motions have been briefed by the parties (Docs. 38 and 39) and are now ripe for disposition.

**I.   Background.**

This case arises from a motor vehicle accident that occurred on August 26, 2009. There followed a protracted period in which the parties exchanged correspondence and haggled over whether Plaintiffs should produce various authorizations sought by Defendant. Finally, on August 26, 2013, Plaintiffs filed suit in the Monroe Country Court of Common Pleas. Soon afterward, Defendants moved the case to federal court on diversity grounds.

**II.  Legal Standard.**

Federal Rule of Civil Procedure 26 (b)(1) provides in relevant

1

part:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or tangible things and the identity and location of persons who know of any discoverable matter... .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Rule 26 establishes a liberal discovery policy, Great West Life Assurance Company v. Levithan, 152 F.R.D. 494, 497 (E.D.Pa. 1994).  Discovery is generally permitted of any items that are relevant or may lead to the discovery of relevant information.  Hicks v. Big Brothers/Big Sisters of America, 168 F.R.D. 528, 529 (E.D.Pa. 1996); Stabilus v. Haynsworth, Baldwin, Johnson, and Greaves, P.A., 144 F.R.D. 258, 265-66 (E.D.Pa. 1992)(when there is no doubt about relevance a court should tend toward permitting discovery).  Moreover, discovery need not be confined to items of admissible evidence but may encompass that which appears reasonably calculated to lead to the discovery of admissible evidence.  Callahan v. A.E.D., Inc. 947 F.Supp. 175, 177 (W.D.Pa. 1996); Momah v. Albert Einstein Medical Center, 164 F.R.D. 412, 417 (E.D.Pa. 1996).

Although "the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits." Stabilus, 144 F.R.D. at 265.  The Court will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relating to confidential or privileged information.  S.S. Fretz, Jr., Inc. v. White Consolidated Industries, Inc., No. 90-1731, 1991 W.L. 21655, at 2 (E.D.Pa. Feb. 15, 1991).

The burden is on the objecting party to demonstrate in specific terms why a discovery request is improper.  Hicks, 168 F.R.D. at 529; Goodman v. Wagner, 553 F.Supp. 255, 258 (E.D.Pa. 1982).  The party objecting to discovery must show that the requested materials do not fall "within the broad scope of relevance...or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure...." Burke v. New York City Police Department, 115 F.R.D. 220, 224 (S.D.M.Y. 1987).

**III. Discussion.**

The interrogatories and production requests to which Defendant seeks to compel answers are, with one exception, straightforward, unremarkable, and obviously relevant.  Plaintiffs would be required to respond to these requests even in the ordinary course of events.

3

Where, as here, Plaintiffs did not file timely objections to these production requests within the time period specified within Rule 33 of the Federal Rules of Civil Procedure, the Court may indulge them only for "good cause".  Given the obvious relevance of the items and answers sought by Defendant, and given the fact that the material sought is in no way privileged or unduly burdensome, no "good cause" for Plaintiffs' failure to provide discovery has been brought to this Court's attention.[1]

The one exception to this Court's conclusion that Plaintiffs must supply the discovery Defendant seeks concerns Defendant's request for the joint tax returns of the Plaintiffs Clemens.  The only relevance of this documentation is that Bernie Clemens' claim for wage loss places his earning's history squarely at issue.  Because Nicole Clemens has not claimed any curtailment of her earnings, information concerning her wages and how they are derived are irrelevant to Plaintiffs' claims and are worthy of privacy and protection.  Thus, Plaintiffs need not produce the joint tax returns Defendant has requested.  Consequently, Plaintiffs will be directed to provide alternative documentation of Bernie Clemens' wages in the tax years for which Defendant seeks this information.  Bernie Clemens may satisfy this obligation by providing copies of

---

[1] Plaintiffs' assertion that Defendant failed to engage in a good faith effort to resolve these discovery disputes (Doc. 38 at 3-5) is discredited by the items of correspondence attached to Defendant's brief.  (Doc. 39, Exs. E and F).

4

all W2 forms for the relevant timeframe.[2]  In the event that he was self-employed for the relevant period or any portion thereof, Bernie Clemens must provide reasonable documentation establishing the income derived from any such period of self-employment.

**IV. Conclusion.**

Defendant's Motions to Compel Discovery (Doc. 34 and 36) seek information that is potentially relevant to issues raised in this lawsuit. Additionally, the information sought in these motions is, generally, neither oppressive nor unduly burdensome to Plaintiffs. Accordingly, with the exception of limitations on production of joint tax returns discussed above, these motions must be granted. An order consistent with these determinations will be filed contemporaneously herewith.

BY THE COURT

> S/Richard P. Conaboy
> Honorable Richard P. Conaboy
> United States District Court

Dated: June 4, 2014

---

[2] The production request concerning tax information sets the relevant time period as tax years 2004-2013 (Doc. 34-2, ¶ 11).  The Court believes this is a reasonable time frame to establish such wage loss as Bernie Clemens has experienced.  Thus, Bernie Clemens must provide W2 forms or such alternative documentation as may be responsive for the 10 year period from 2004-2013.

5