In the United States District Court
for the Middle District of Pennsylvania

Clemens et al.                    :

    Plaintiffs               : (Case No. 3:13-CV-2447)

    v.                       : (Judge Richard P. Conaboy)

New York Central Mutual Fire
Insurance Company                 :

    Defendant.               :

_____

Memorandum

We consider here Defendant's Motion for Protective Order (Doc. 42) filed June 16, 2014.  The motion seeks to prevent Plaintiffs' counsel from deposing various corporate officers of the Defendant. For the reasons that follow, the motion will be granted in part and denied in part.

## I.  Background.

This case arises from a motor vehicle accident that occurred on August 26, 2009.  There followed a protracted period in which the parties exchanged correspondence and haggled over whether Plaintiffs should produce various authorizations sought by the Defendant.  Finally, on August 26, 2013, Plaintiffs filed suit in the Monroe County Court of Common Pleas.  Soon afterward, Defendants moved the case to federal court on diversity grounds. Count I of Plaintiff's complaint sought recovery of damages against the Defendant, its insurer, for underinsured motorist benefits. The parties have advised the Court that the underinsurance claim

1

has been settled (Doc. 44 at 3) and the only remaining aspect of this lawsuit concerns Plaintiffs' additional claim for "bad faith damages" pursuant to 42 Pa.C.S. § 8371.

## II.  Legal Standard.

Federal Rule of Civil Procedure 26 (b)(1) provides in relevant part:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or tangible things and the identity and location of persons who know of any discoverable matter... .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Rule 26 establishes a liberal discovery policy, Great West Life Assurance Company v. Levithan, 152 F.R.D. 494, 497 (E.D.Pa. 1994).  Discovery is generally permitted of any items that are relevant or may lead to the discovery of relevant information.  Hicks v. Big Brothers/Big Sisters of America, 168 F.R.D. 528, 529 (E.D.Pa. 1996); Stabilus v. Haynsworth, Baldwin, Johnson, and Greaves, P.A., 144 F.R.D. 258, 265-66 (E.D.Pa. 1992)(when there is no doubt about relevance a court should tend toward permitting discovery).  Moreover, discovery

need not be confined to items of admissible evidence but may encompass that which appears reasonably calculated to lead to the discovery of admissible evidence. Callahan v. A.E.D., Inc. 947 F.Supp. 175, 177 (W.D.Pa. 1996); Momah v. Albert Einstein Medical Center, 164 F.R.D. 412, 417 (E.D.Pa. 1996).

Although "the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits." Stabilus, 144 F.R.D. at 265. The Court will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relating to confidential or privileged information. S.S. Fretz, Jr., Inc. v. White Consolidated Industries, Inc., No. 90-1731, 1991 W.L. 21655, at 2 (E.D.Pa. Feb. 15, 1991).

The burden is on the objecting party to demonstrate in specific terms why a discovery request is improper. Hicks, 168 F.R.D. at 529; Goodman v. Wagner, 553 F.Supp. 255, 258 (E.D.Pa. 1982). The party objecting to discovery must show that the requested materials do not fall "within the broad scope of relevance...or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure...." Burke v. New York City Police Department, 115 F.R.D. 220, 224 (S.D.M.Y. 1987).

**III. Discussion.**

Plaintiffs seek to depose: Van Ness Daniel Robinson, II, Defendant's President and Chief Executive Officer; Albert Pylinski, Jr., Defendant's Chief Financial Officer; and Diane Wildey, Defendant's Casualty Manager. [1]  Defendant maintains that "Plaintiff's counsel has failed to identify a relevant basis for the deposition of Mr. Robinson, Mr. Pylinski, or Ms. Wildey." (Doc. 42, ¶ 8).  Defendant contends also that none of the proposed deponents was directly involved in handling Plaintiff's claim and that Plaintiffs' counsel's purpose is to annoy and harass these witnesses.  (Doc. 42, ¶¶ 9-10).

Plaintiffs assert that because their deposition of Defendant's corporate designee, Joseph Catalano, indicated that Mr. Catalano did not have the requisite knowledge to address questions relevant to Plaintiff's "bad faith" claim, it is now necessary to depose the aforementioned individuals to properly develop their "bad faith" argument.  (Doc. 47, 1-2). [2]  Defendant responds that Catalano's Affidavit (Doc. 49-1) establishes that only he (Catalano) and James Dvoracek had direct knowledge of Plaintiffs' claim.  This, Defendant reasons, renders the depositions of more highly placed

---

[1] Plaintiffs also wish to depose Jim Dvoracek, one of Defendant's claims supervisors. Defendant does not object to Mr. Dvoracek's deposition.  (Doc. 49 at 4).

[2] Plaintiffs acknowledge that they do not yet have the transcript of the Catalano deposition, but they assure the Court that a review of that transcript will demonstrate the necessity to take the depositions to which Defendant objects.  (Doc. 47 at 2, n.2).

4

individuals in its hierarchy irrelevant.

Defendant's position in this regard is overly simplistic. While it may well be true that Catalano and Dvoracek made all decisions regarding how and when to settle the underlying underinsured motorist claim, this begs the question whether company policies implemented by their superiors affected their decision making in a way contradictory to their insured's interests, an obviously relevant line of inquiry in the context of a "bad faith" claim.  Thus, considering the liberal policies underpinning the conduct of discovery under the Federal Rules of Civil Procedure, the Court thinks it appropriate, for now, to authorize the depositions of Mr. Pylinski and Ms. Wildey.  They, given their titles, ought to be persons with knowledge of the policies under which Messrs. Catalano and Dvoracek made their decisions.  Should the Pylinski and Wildey depositions produce testimony implicating a need to depose Mr. Robinson, the Court will entertain a motion to conduct that additional deposition at a later time.

As a housekeeping matter, the Court is well aware that the time initially set for the completion of discovery in this case has elapsed.  The inability of the parties to cooperate in the discovery process, as evidenced by the motion practice which the Court is yet considering, has already resulted in this matter becoming more protracted than should have been necessary.  As a result, the Court will issue a new time frame for the completion of

discovery and the parties are counseled to exert all reasonable effort to abide by that time frame.  Orders consistent with these determinations will be filed contemporaneously herewith.

                                        S/Richard P. Conaboy
                                        Honorable Richard P. Conaboy
                                        United States District Court

Dated: July 14, 2014

6