IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BERNIE CLEMENS,**<br>**Plaintiff,** | **Civil Action No. 3:13-cv-02447** |
| v. | |
| | **[Mannion, J.]** |
| **NEW YORK CENTRAL MUTUAL**<br>**FIRE INSURANCE COMPANY**<br>**AND/OR NYCM INSURANCE**<br>**GROUP AND/OR NYCM HOLDINGS,**<br>**INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |
| | **ELECTRONICALLY FILED** |

## DEFENDANTS' OBJECTIONS TO BILL OF COSTS

Defendants hereby object to Plaintiff's Bill of Costs as follows:

1. Regarding taxable costs recoverable by a prevailing party under Rule 54(d)(1) of the Federal Rules of Civil Procedure, the Third Circuit Court of Appeals has explained:

> [T]he types of costs recoverable under Rule 54(d)(1) are circumscribed. The "costs" capable of recoupment under Rule 54(d)(1) are listed in 28 U.S.C. § 1920.... As we have explained, these costs "do not include such litigation expenses as attorney's fees and expert witness fees in excess of the standard daily witness fee." Friedman v. Ganassi, 853 F.2d 207, 209 (3d Cir. 1988). This means that while a prevailing party is awarded its costs, those costs often fall well short of the party's actual litigation expenses.

In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 457-458 (3d Cir. 2000).

2. While there is a "strong presumption" that costs are to be awarded to the prevailing party, the losing party may overcome that presumption by "showing that an award is inequitable under the circumstances." Id., 221 F.3d at 462-463.

## I. INCORRECT COSTS

### A. Witness Fees – Stuart Setcavage

3. Plaintiff's expert, Stuart Setcavage, Mr. Setcavages is identified on page 3 of Exhibit 3 to the Bill of Costs. (See Doc. 214-3, p. 3.)

4. However, Mr. Setcavage is not identified on page 2 (Witness Fees computation) of the Bill of Costs. (See Doc. 214, p. 2 (not listing any fees for Stuart Setcavage).)

5. To the extent that Plaintiff may be seeking or may later seek a fee for Mr. Setcavage in excess of the standard daily witness fee, Defendant objects, as expert fees are not taxable as costs in excess of the standard daily witness fee.

6. LR 54.4(4) expressly states that "[f]ees for expert witnesses are not taxable in a greater amount than that statutorily allowable for ordinary witnesses." LR 54.4(4).

7. The Third Circuit Court of Appeals has also recognized that the "costs" recoverable under Rule 54(d)(1) "do not include such litigation

expenses as ... expert witness fees in excess of the standard daily witness fee." See Friedman v. Ganassi, 853 F.2d 207, 209 (3d Cir. 1988).

8. Without question, $32,000 for Mr. Setcavage's "Attendance" greatly exceeds the $40.00 statutorily allowable for ordinary witnesses.

9. In addition, LR 54.4(4) provides that "[m]ileage fees for travel outside the district shall not exceed 100 miles each way without prior court approval." LR 54.4(4).

10. Plaintiff did not obtain "prior court approval" for his expert's travel, but, now, Plaintiff is seeking costs for 565.2 miles of travel, well in excess of the "100 miles each way" limitation of LR 54.4(4).

11. In the absence of prior court approval, Plaintiff may not recover mileage fees for his expert's travel in excess of the "100 miles each way" limitation of LR 54.4(4).

**B.     Attorneys' Fees**

12. "Costs" recoverable under Rule 54(d)(1) also "do not include such litigation expenses as attorney's fees...." See Friedman, 853 F.2d at 209.

13. Nevertheless, Plaintiff has included – as "Other costs" listed in his Bill of Costs – $902,201.43 in attorneys' fees. (See Doc. 214-1, Doc. 214-2, and Doc. 214-4.)

14. Attorneys' fees are not taxable "costs" subject to a Bill of Costs; see Friedman, 853 F.2d at 209, but, rather, a claim for attorney's fees must be made by a separate "motion" pursuant to Federal Rule of Civil Procedure 54(d)(2).

15. Accordingly, Defendant objects to Plaintiff's attempt to tax as costs any amount of attorneys' fees.[1]

C. **Fees for Printing / Copies and Trial Exhibits**

---

[1] On November 20, 2015, Plaintiff filed a document entitled "Plaintiffs' Petition for Attorneys' Fees, Interests and Costs." (See Doc. 215.) Defendant will be filing a separate and timely Brief in Opposition to Plaintiff's Petition, setting forth its objections, which Defendant reserves the right to assert with respect to the instant Bill of Costs, should the Court determine that attorneys' fees are taxable pursuant to a Bill of Costs. Defendant's objections include but are not necessarily limited to the patent unreasonableness of the amount of fees sought, as well as the redundancy and excessiveness of the attorneys' staffing or handling of the matter which generated the alleged fees. See Hensley vs. Eckerhart, 461 U.S. 424, 433 (1983). In addition, Defendant objects and will object to the amount of fees sought by the Plaintiff because of the lack of supporting and contemporaneously kept time records; see Webb v. Board of Education of Dyer City, 471 U.S. 234, 238, n. 6 (1985), Plaintiff's role in generating and manufacturing unnecessary or unreasonably high litigation costs; see, In re Paoli R.R. Yard PCB Litig., 221 F.3d at 462-463 (3rd. Circ. 2000), Smith v. Septa, 47 F. 3d 97, 99 (3d Cir. 1995), ADM Corp. v. SpeedMaster Packaging Corp, 525 F. 2d 662, 665 (3d Circ. 1995), and Hensley, 461 U.S. at 433, and the disparity between the amount sought by the Plaintiff in this case (i.e,. the $9 million demanded by Plaintiff prior to and during trial) and the $100,000 awarded by the jury; see Lohman v. Duryea Borough, 574 F. 3d. 163, 167-69 (3d Cir. 2009). Defendant further reserves the right to raise any and all other applicable objections as part of its response to Plaintiff's Petition.

16. 28 U.S.C. §1920 provides that a prevailing party may recover "fees and disbursements for printing" as well as "fees for exemplification and the costs of making copies of any materials when the copies are necessarily obtained for use in the case." 28 U.S.C. §1920(3) and (4).

17. However, LR 54.4(6) provides that "[t]he cost of compiling summaries, computations and statistical comparisons is not taxable." LR 54.4(6).

18. Although defense counsel was unable to locate any Third Circuit precedent on the precise issue, federal courts that have addressed the issue have seemingly universally recognized that "[t]he party seeking recovery of photocopying costs must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case." Helms v. Walmart Stores, Inc., 808 F.Supp. 1568, 1570 (N.D.Ga. 1992). See, also, Desisto College v. Town of Howey-in-the-Hills, 718 F. Supp. 906, 914 (M.D.Fla. 1989).

19. "A prevailing party may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made." Helms, 808 F.Supp. at 1570.

20. Where the prevailing party "has not explained the use of the copies for which he asks the court to award costs," the court may properly deny these costs. Id.

21. Here, Plaintiff requests $1,151.17 in "Fees for Printing / Copies" for "Medical Records" and "Litigation Documents", as well as $159.00 for "Trial Exhibits". (Doc. 214-3.)

22. In doing so, Plaintiff has come forth with no "evidence showing the nature of the documents copied, including how they were used or intended to be used in the case."

23. Plaintiff has not even identified the specific documents copied or the number of copies made.

24. In the absence of some explanation of the use of the copies, Defendant objects and requests that this Court deny these costs. Accord Helms, supra.

25. To the extent that Plaintiff is seeking reimbursement for the costs of creating or copying the demonstrative evidence used by Plaintiff at trial, which can only be described as "summaries, computations and statistical comparisons," Defendant further objects pursuant to LR 54.4(6) because "[t]he cost of compiling summaries, computations and statistical comparisons is not taxable." LR 54.4(6).

### D. Court Reporters / Stenographer

26. 28 U.S.C. §1920(2) allows the taxation of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. §1920(2).

27. However, a prevailing party is "not permitted to recover the costs of both transcripts and videotapes of depositions." In re Aspartame Antitrust Litig., 817 F.Supp.2d 608, 617 (E.D.Pa. 2011), citing Stevens v. D.M. Bowman, Inc., 2009 U.S. Dist. LEXIS 3065, at *12 (E.D. Pa. 2009)("[T]he costs of a videotape or a deposition transcript may be taxed, but not both."); and Wesley v. Dombrowski, 2008 U.S. Dist. LEXIS 49544, at *10 (E.D. Pa. 2008) (same).

28. Plaintiff appears to be seeking costs in obtaining both the transcripts and the videotapes of depositions. (See Doc. 21403, p. 1, ¶2 (listing both "Love Reporting" costs and "videographer" costs).)

29. Plaintiff used only the videotapes during the trial, and, as such, Defendant objects to taxation of the transcript costs.

30. According to Exhibit 3 of the Bill of Costs; (see Doc. 214-3, p. 1, ¶2), the videographer costs amount to only $2,945.

31. Plaintiff is also seemingly seeking reimbursement of the shipping costs (apparently $14.00 per transcript[2]), which are not recoverable. See In re Aspartame Antitrust Litig., 817 F.Supp.2d at 617 ("A party may not recover the shipping and handling costs associated with depositions."). See, also, Neena S. v. Sch. Dist., 2009 U.S. Dist. LEXIS 65185, at *32 (E.D. Pa. 2009)(stating that the Third Circuit "disallows" costs for postage and courier fees), quoting In re Penn Cent. Transp. Co., 630 F.2d 183, 191 (3d Cir. 1980); and Wesley v. Dombrowski, 2008 U.S. Dist. LEXIS 49544, at *10-11 (E.D. Pa. 2008)(refusing to grant costs for shipping and handling).

32. Therefore, Defendant objects to the taxation of any "court reporter / stenographer" costs in excess of $2,945 representing the videographer costs identified by Plaintiff in the Bill of Costs.

## II. **INEQUITABLE COSTS**

33. The Third Circuit Court of Appeals has held that a district court may consider "the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the instant litigation or the costs award proceedings" in reviewing a clerk of court's costs award. In re Paoli R.R. Yard PCB Litig., 221 F.3d at 468.

---

[2] (See Doc. 214-3, p. 1, ¶2.)

34. "Only if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party." Id.

35. Here, examples of Plaintiff's "unclean hands," including his "failures to comply with the process during the course of the instant litigation," are evident.

36. Due to Plaintiff's refusal to provide answers to largely "straightforward, unremarkable, and obviously relevant"[3] discovery requests, Defendant was forced to file four (4) separate motions to compel, each of which was granted by Judge Conaboy. (See Doc. 41 and 87.)

37. Furthermore, in addressing both parties' motions for summary judgment, Judge Conaboy noted: "the Court will observe that, due to Plaintiffs' burden to prove its case by clear and convincing evidence, and ***Plaintiffs' persistent failures to cooperate in the discovery process and a failure to observe the literal requirements of Rule 56.1 of the local rules of court***, Plaintiff escaped a judicial determination that bad faith cannot be determined from this record by the narrowest of margins." (Doc. 84, p. 10 (emphasis added).)

---

[3] (Doc. 40, p. 3.)

38. During the trial, the trial judge repeatedly admonished Plaintiff's counsel for his conduct, including his failure to properly identify exhibits and his repeated improper use of videotape depositions showing prior *consistent* statements of witnesses.

39. Given Judge Conaboy's opinions, there can be no question that Plaintiff "fail[ed] to comply with the process during the course of the instant litigation," and, as such, Defendant requests that costs be denied to Plaintiff.

WHEREFORE, Defendant respectfully requests that this Honorable Court deny costs to Plaintiff due to "failure to comply with the process during the course of the instant litigation."

Alternatively, Defendant requests that that this Honorable Court tax only lawfully and reasonably recoverable costs, not in excess of the following:

| | | |
|---|---|---|
| a. | Fees of the Clerk: | $127.10 |
| b. | Fees for recorded transcripts | $2,945.00 |
| c. | Fees for witnesses | $765.66 |
| | TOTAL: | $3,837.76 |

Respectfully submitted,

**DICKIE, McCAMEY & CHILCOTE, P.C.**

Date: November 30, 2015          By: /s/ Bryon R. Kaster
                                 Bryon R. Kaster, Esquire
                                 Attorney I.D. No. 91707
                                 Plaza 21, Suite 302
                                 425 North 21st Street
                                 Camp Hill, PA 17011-2223
                                 717-731-4800
                                 *Attorney for Defendants, New York Central Mutual Fire Insurance Company and/or NYCM Insurance Group and/or NYCM Holdings, Inc.*

Date: November 30, 2015          By: /s/ Charles E. Haddick, Jr.
                                 Charles E. Haddick, Jr., Esquire
                                 Attorney I.D. No. 55666
                                 Plaza 21, Suite 302
                                 425 North 21st Street
                                 Camp Hill, PA 17011-2223
                                 717-731-4800
                                 *Attorney for Defendants, New York Central Mutual Fire Insurance Company and/or NYCM Insurance Group and/or NYCM Holdings, Inc.*