**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BERNIE CLEMENS,** : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:13-2447** |
| v. : | |
| | **(JUDGE MANNION)** |
| **NEW YORK CENTRAL MUTUAL** : | |
| **FIRE INSURANCE COMPANY,** | |
| : | |
| **Defendant** | |
| : | |

**O R D E R**

The above-captioned matter was tried before a jury from November 2, 2015, through November 6, 2015, solely on the issue of whether the defendant acted in bad faith in the handling of the plaintiff's underinsured motorist, ("UIM"), claim following an accident back on August 26, 2009. On November 6, 2015, the jury returned a verdict in favor of the plaintiff, Bernie Clemens, in the amount of $100,000.

On November 20, 2015, the plaintiff submitted a petition for attorney's fees, interest and costs, (Doc. 215), along with a brief in support thereof, (Doc. 216). In the petition, the plaintiff is seeking $48,050 for services rendered by counsel in relation to the underlying UIM claim; $827,515 for services rendered by counsel in relation to the bad faith claim; $43,871.43 in costs incurred in relation to the bad faith claim; $175,630.00 in interest; and $27,090 for services rendered by counsel in preparing the petition for

attorney's fees, interest and costs. In all, the plaintiff submitted a bill of costs totaling $914,201.43, a majority of which ($902,655) is comprised of the attorney's fees requested in the petition.

Not surprisingly, on November 30, 2015, the defendant submitted objections to the plaintiff's bill of costs, (Doc. 218), followed by a brief in opposition to the plaintiff's petition for attorneys' fees, interest and costs, (Doc. 222).

On December 8, 2015, counsel for the plaintiff filed a letter with the court, in which it is represented that "in order for Plaintiffs to fully respond to [the defendant's objections and opposing brief], would require Plaintiffs to incur yet additional large costs to obtain the materials, but not limited to the transcripts of the trial proceedings." Counsel represents that, if the plaintiff is required to obtain the additional materials, the amounts presented in the bill of costs and petition for attorney's fees, interest and costs will no longer be accurate, in that additional costs incurred will be "substantial." Counsel inquires as to whether a conference would be beneficial to the parties to resolve the matter and, if not, requests additional time to prepare a response to the defendant's objections and opposing brief.

At the outset, the court will not provide counsel with legal advice as to how to proceed with the matters currently pending before the court. It is for counsel to decide in what manner to respond to the defendant's materials.

That being said, in light of the astronomical amount of costs and fees already requested by plaintiff's counsel[1], the court can discern no possible benefit from a conference on the matter at this time, other than to waste the court's and counsels' time.

Further, in relation to the plaintiff's petition for attorneys' fees, interest and costs, counsel for the plaintiff are to submit a copy of the fee agreement entered into with their client for the court's consideration. Counsel are also to submit a sworn verification, under penalty of perjury, from **each** attorney or non-attorney for whom fees have been requested in this action verifying that the fees requested are accurate and were for the actual and necessary services performed in the representation of the plaintiff in this matter[2]. Finally, plaintiff's counsel is advised to maintain and not destroy **any** time records for **any** client covering the period of time relevant to this case, including the time since its inception to the present date.

---

[1]For example, counsel has requested **$27,090** just for preparing the **8-page** petition for attorneys' fees, costs and interest, claiming that it was necessary to expend an unbelievable **64.5 hours** at a rate of **$420 per hour** to do so. This equates to slightly over **8 full hours** and approximately **$3,386 per page** for a straightforward petition for fees and costs.

[2]The court notes that, although the petition for attorneys' fees, interest and costs has been submitted only by Attorney Marsha Lee Albright, Michael J. Pisanchyn, Jr., is also listed as counsel of record in this matter and, in fact, was lead counsel at the trial in this matter.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** to the extent that the plaintiff is requesting a conference on the matter of the petition for attorneys' fees, interest and costs, such request is **DENIED**;

**(2)** counsel for the plaintiff is to submit the above-directed information **on or before December 21, 2015**; and

**(3)** to the extent that the plaintiff is requesting an extension of time to respond to the defendant's objections to the bill of costs and opposition to the petition for attorneys' fees, interest and costs, such request is **GRANTED** and any response shall be filed **on or before January 4, 2016**.

**(4)** Counsel is not to file any additional documents in letter format. All filings will be in the form of a written motion, complying with the local rules, and supported by an appropriate legal brief.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date:  December 11, 2015**
O:\Mannion\shared\ORDERS - DJ\CIVIL ORDERS\2013 ORDERS\13-2447-08.wpd