## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BERNIE CLEMENS and | : | CIVIL ACTION NO: |
| NICOLE CLEMENS, | : | |
| | : | 3:13 –CV-02447 |
| Plaintiffs, | : | |
| v. | : | |
| | : | Judge M. Mannion |
| NEW YORK CENTRAL MUTUAL | : | |
| FIRE INSURANCE COMPANY | : | |
| and/orNYCM INSURANCE GROUP | : | |
| and/or NYCM HOLDINGS, INC. | : | ELECTRONICALLY FILED |
| Defendants. | : | |
| | : | JURY TRIAL DEMANDED |

### PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFFS' BILL OF COSTS

AND NOW comes Plaintiffs, Bernie Clemens and Nicole Clemens, by and through their undersigned counsel, respectfully submit their Response to Defendant's, New York Central Mutual Insurance Company (hereinafter "NYCM"), Objections to Plaintiffs' Bill of Costs, and respectfully submit as follows:

## I.    INTRODUCTION

1. **Defendant's objections to Plaintiffs' Bill of Costs are premature**. Rule 54(d) of the Federal Rules of Civil Procedure provides, in pertinent part, that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs."  In the Middle District of Pennsylvania, the Local Rules specifically state that "All bills of costs requiring taxation shall be taxed by the clerk, subject to an appeal to the court…" Local Rule 54.3.

1

In this case, the Clerk of Courts has not yet taxed the costs in conformity with the provisions of 28 U.S.C. Sections 1920 through 1923.  Thus, Defendant's Objections before this Honorable Court are not ripe for review.  The Clerk of Court must first rule on Plaintiffs' Bill of Costs.  Plaintiffs are entitled to their costs as a matter of course and Defendant's Objections are without merit.

*As an initial matter, there is a heavy presumption that the prevailing party is automatically entitled to costs as a matter of course*. Buchanan v Stanships, Inc., 485 U.S. 265, 268 (1988).  Therefore, the losing party must overcome the presumption in favor of the taxing of the costs. In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000).  Defendants have not met their burden.

Under 28 U.S.C. Section 1920, this Honorable Court may tax as costs (1) fees of the clerk and marshal, (2) fees of the court reporter for all and any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. Section 1923; and (6) compensation of court appointed experts, interpreters and/or interpreter services.

## A. Expert Witness Fees

Defendants have objected to the costs of Plaintiff's Expert fees other than the standard daily witness fee.  First, it must be noted that the Defendants themselves

actually subpoenaed Plaintiff's expert to be present for the entire trial[1]. NYCM now objects to Plaintiffs' request for reimbursement of their expert's fee, all of which relate specifically to the experts' trial preparation and/or attendance at time of trial.

In this case, the trier of fact found Defendant NYCM Insurance Company acted in Bad Faith. Hence, Plaintiffs assert that Your Court should award the expert fee that were reasonably expended, which were necessary for Plaintiff to demonstrate to the trier of fact the Defendant actions did not comply with Industry Standards. Obviously, Defendant claims these fees are improper; however, this is simply not true.

The travel and lodging for witness court appearances and expert fees, are often deemed incidental to (and reasonably incurred in connection with) complex litigation such as the current matter and are thus, recoverable.  This is particularly the case when an expert is found to have been as instrumental to the trier of fact as Plaintiffs' were in this case. Commw. Of Pa. v. O'Neill, 431 F. Supp. 700, 713 (E.D. Pa. 1977)(while generally fees for expert witnesses cannot be recovered as costs, "many courts have awarded expert's fees as costs where the expert's testimony was helpful to the Court and played an important role in the resolution of the [case]") citing, 6 J. Moore, Federal Practice P54.77[5.-3], at 1734 (2d ed. 1948).

In the matter at hand, Plaintiffs' expert was the only expert presented at the

---

[1] After emails from Plaintiff the Defendants allegedly rescinded the subpoena.

time of the trial by Plaintiffs[2]. As such, clearly Plaintiffs' expert was instrumental to the trier of fact in determining that the Defendant, NYCM, had acted in bad faith in the handling of the underlying underinsured motorist vehicle claim.  Since Plaintiffs are the prevailing party, the fees and costs associated with Plaintiffs' expert's participation are properly taxed against the Defendant, NYCM. Defendants simply have not overcome Plaintiffs *heavy presumption that the prevailing party is automatically entitled to costs as a matter of course*. See <u>Buchanan.</u> Therefore, Plaintiffs respectfully request reimbursement for the expert in the amount of $32,325. This reimbursement will be the remedy which will directly make Plaintiffs completely whole.

## B. Attorneys Fees

<u>In re Paoli R.R. Yard PCB Litig</u>., 221 F.3d at 468, the court provided the history of Rule 54(d)(1) were at early common law, the taxation of costs was mostly unknown.  Through statutes costs became available to successful Plaintiffs, and later to successful Defendant.  Later on, the practice of treating costs as a matter of judicial discretion was adopted for all by the English courts being one of "total reimbursement."  This practice was adopted by the United States, meaning that originally "total reimbursement," including that of attorneys' fees was given to any prevailing litigant in any action.  As time went on, States amended this practice of

---

[2] Defendant NYCM subpoenaed both Mr. and Mrs. Clemens to trial for the entire week and never called them as witnesses

reimbursement, but not limited to the reimbursement of attorney's fees to be an item reimbursable by statute.  In re Paoli, Id.

Along these lines, Rule 54 provides, *generally*, that in the absence of a federal statute to the contrary, attorney's fees may not be taxed as costs.  There is, however, *an exception* **to this rule that** *attorney's fees may be taxed where a party* **instituted,** *defended***, or conducted litigation** *in bad faith***.**  Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L. Ed. 27 (1991). (emphasis added). In the present case, the trier of fact has judicially determined NYCM Insurance Company did in fact defend this case in bad faith. Taking this through the lens that Plaintiffs *have a heavy presumption that the prevailing party is automatically entitled to costs as a matter of course*, clearly requires Your Court to award the attorney fees since Defendant NYCM has not overcome the "heavy presumption."

Further, pursuant to the Bad Faith language of § 8371, "In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: … (3) **Assess court costs and attorneys fees against the insurer.**  (emphasis added).

In the matter at hand, Plaintiffs are the prevailing party in an action arising under an insurance policy.  Plaintiffs initiated and were subsequently successful in their claim against Defendant, NYCM, sounding in Bad Faith.  The Bad Faith statutory language specifically provides for the assessment of attorneys fees against

the insurer in this matter.  Therefore, it is respectfully submitted, Plaintiff is entitled to their attorneys fees and costs as requested in their Bill of Costs, Document 214 and exhibits attached thereto.  As such, Plaintiffs renew their request for attorneys fees and costs.

### C. Fees for Printing/Copying and Trial Exhibits

Federal Courts have traditionally seen costs related to the production of copies of demonstrative evidence (such as photos, models, maps, blow-ups, charts, diagrams, graphics, and the like) as taxable costs under 28 U.S.C. Section 1920(4).  The costs of hiring a private company that possess the technology for the purposes of making the alleged facts contained in the exhibits more clear to the finder(s) of fact, are taxable as exemplification under 28 U.S.C. Section 1920(4).  In re Aspartame Antitrust Litigation, 6 CV 1732, page 4 (E.D. Pa. July 26, 2011); See also, Marthers v. Gonzales, 2008 U.S. Dist. Lexis 61715 (E.D. Pa. Aug. 13, 2008)(litigation related costs and expenses, but not limited to printing/copying and production of exhibits, are recoverable expenses as taxed costs under statutes that apply to all cases, even if there is no applicable fee shifting statute, citing 28 U.S.C. Section 1920 and Fed. R. Civ. P. 54(d)(1); Kratzer v. Wegman's Restaurant, LLP, 2005 U.S. Dist. LEXIS 25788, 2005 WL 2847320 (E.D. Pa. Oct. 27, 2005)(awarding litigation expenses but not limited to photocopying costs.)

Relying upon case law from the Northern District of Georgia and Middle District of Florida, Defendant's allege that Plaintiffs have failed to specifically show the nature of the documents copied and how they were used or intended to be used in the case.  This is simply incorrect.  Attached to Plaintiff's Bill of Costs, Document 214, as Exhibit 3, Plaintiffs provided a Statement of Costs with an itemization of the costs incurred by Plaintiffs in the presentation of the above captioned matter.  These itemizations provide specifically the provider of services, date, fee, and number of pages were applicable.  Despite a docket of over 200 documents and over 7000 pages of Bates Stamped materials presented at time of trial[3], Plaintiffs have submitted a mere $1,151.17 in copying fees.  Defendants are well aware that Plaintiff moved for the submission of over 300 trial exhibits.  As such, Defendants assertion that Plaintiffs have failed to specify and/or substantiate that the documents were necessary must fail.  Plaintiffs renew their request for $1,151.17 in copying fees.

Similarly, Demonstrative exhibits were prepared for the Court's convenience as well as to assist the jury in understanding the complex matters being presented during the course of the trial.  Pennsylvania Courts have permitted recovery of the costs of said exhibits.  Rogal v American Broadcast Companies, Inc. 1994 WL 268250 (E.D. Pa. June 15 1994). As such, Plaintiffs renew their request for the costs

---

[3] These copies were in the courtroom throughout trial and had to be referenced on multiple occasions.

they incurred in preparation of the trial exhibits in the amount of $159.00.

**D. Court Reporters and Stenographers**

Defendants object to Plaintiffs' request for reimbursement for deposition

transcripts, NYCM contends that the deposition costs for the witnesses should not

be taxed alleging that the transcript was not used at time of trial. First, Plaintiffs

utilized both video of the depositions as well as the depositions transcripts during the

presentation of their case[4]. Next, deposition costs are regularly taxed under 28 U.S.

C. Section 1920 regardless of whether any portion of the deposition is admitted into

evidence.[5] <u>Fitchett v. Stroehmann Bakeries, Inc.,</u> 95 CV 284, 1996 WL 47977 (E.D.

Pa. Feb. 5, 1996)(the party requesting costs need not introduce the deposition at

trial.) See also, <u>Card v. State Farm Fire and Casualty Company,</u> 126 F.R.D. 658,

661 (N.D. Miss. 1989).

The deposition costs for the witnesses, all of which who were compelled to

testify live at time of trial, is particularly justified. Deposition transcripts for a

witness testifying live at trial are critical for a counsel's preparation of a direct or

cross examination. <u>Hurley v. Atlantic City Police Department,</u> 93 CV 260, 1996

WL 549298 (D.N.J. 1996). The Stenographer fees for the depositions of the

witnesses is in the amount of $9,343.50.

---

[4] It is believed a simple review of the Exhibits, stipulated by the parties to be submitted to the trier of fact will demonstrate the Exhibits themselves are both a video and stenographic clip of deposition testimony.

[5] See also LR 54(4) that provides the reporter's charge for the deposition is taxable whether or not the same is actually received into evidence, and whether or not it is taken solely for discovery, regardless of which party took the deposition.

In addition, the Defendants witnesses were impeached on numerous occasions with both the stenographic *and* video clips made. For every video clip used, the bottom of the video had the stenographic words scrolling along with the video clip. These video and stenographic clips were essential in proving Plaintiffs case as a simple review of the Adjuster Dvorchek's trial testimony and impeachment will no doubt demonstrate. Taking this through the lens that Plaintiffs *have a heavy presumption that the prevailing party is automatically entitled to costs as a matter of course*, clearly requires Your Court to award all fees and costs since Defendant NYCM has not overcome the "heavy presumption." Therefore, Plaintiffs renew their request for stenographer fees.

## II.     Factors a District Court May Consider in Weighing the Equities of a Costs Award

Lastly, Defendant NYCM Insurance alleges it should be entitled a reduction in the costs taxed to them claiming that the courts can look to the "unclean hands" of the prevailing party.  In support of the same, Defendants refer to the underlying case, specifically discovery responses and the content of an underlying pretrial motion. Defendant's base their position on In re Paoli R.R. Yard PCB Litig., 221 F.3d at 468. Although Defendants may be correct that the courts can look to the conduct of the party, the conduct that is reviewed is that during the time of the actual litigation of the case in chief.

Within In re Paoli R.R. Yard PCB Litig., the court advanced a number of factors

for reviewing costs award imposed by the clerk of court.  The first factor listed was, in fact, the unclean hands, or bad faith or dilatory tactics, of the prevailing party. However, "the first of these factors is not implicated in this case," as such this issue is inapplicable to the present case  In re Poli, Id.

Even if the first factor was met, *Defendants have failed to identify or state any applicable alleged conduct of Plaintiffs that would be permissible to be considered in the above evaluation*.  Instead, as customary of Defendants, they simply reiterate the accusations they have been making since the beginning of the claim; that being Defendants attempting to condone their behavior and conduct in the handling of Plaintiffs' underinsured motorist claim by placing all blame on its Insured.  The jury did not buy into Defendants' posture and neither should this Honorable Court.  As such, Your Court must take Defendant NYCM Insurance's arguments through the lens that Plaintiffs *have a heavy presumption that the prevailing party is automatically entitled to costs as a matter of course.* Clearly, Defendant NYCM has not overcome this "heavy presumption," as it has not cited applicable facts and law to the matter and issues concerning this case. Therefore, Plaintiffs renew their request for their fees as submitted in their Bill of Costs in the Amount of $914,201.43.

V. **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request the Clerk of

Courts to deny Defendant's Objections to Plaintiffs Bill of Costs and request the

Clerk of Courts to award Plaintiff $914,201.43 in taxable costs.

Respectfully submitted,

**The Pisanchyn Law Firm**

**By:** /s/ Marsha Lee Albright, Esquire
Marsha Lee Albright, Esquire
I.D. 92765
524 Spruce Street
Scranton, PA 18503
Attorneys for Plaintiffs