IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BERNIE CLEMENS,

          Plaintiff,          Civil Action No. 3:13-cv-02447

    v.

                                [MANNION, J.]

NEW YORK CENTRAL MUTUAL
FIRE INSURANCE COMPANY      JURY TRIAL DEMANDED
AND/OR NYCM INSURANCE
GROUP AND/OR NYCM HOLDINGS,
INC.,                                  ELECTRONICALLY FILED
          Defendant.

**MOTION FOR LEAVE TO FILE *SUR* REPLY BRIEF
IN OPPOSITION TO PLAINTIFF'S FEE PETITION**

Defendant hereby moves this Honorable Court as follows:

1.    On November 20, 2015, Plaintiff filed a document entitled "Plaintiffs' Petition for Attorneys' Fees, Interests and Costs." (See Doc. 215.)

2.    On December 4, 2015, Defendant filed Defendant's Brief in Opposition to Plaintiffs' Petition for Attorneys' Fees, Interests, and Costs. (See Doc. 222.)

3.    On December 8, 2015, Plaintiff's counsel sent a letter to the Court, in part, requesting a "conference" in this matter. (See Doc. 224.)

1

4. On December 11, 2015, this Honorable Court entered an Order addressing the issues raised in the aforementioned letter, including denying the request for a conference and directing Plaintiff's counsel to "submit a copy of the fee agreement entered into with their client for the court's consideration" and "submit a sworn verification, under penalty of perjury, from **each** attorney or non-attorney for whom fees have been requested in this action verifying that the fees requested are accurate and were for the actual and necessary services performed in the representation of the plaintiff in this matter." (Doc. 225.)

5. The Order further directed that "plaintiff's counsel is advised to maintain and not destroy **any** time records for **any** client covering the period of time relevant to this case, including the time since its inception to the present date." (Doc. 225.)

6. The Order also directed that "counsel for the plaintiff is to submit the above-directed information **on or before December 21, 2015**." (Doc. 225.)

7. On December 21, 2015, Plaintiff filed a document entitled "Reply Brief in Support of Motion for Award of Reasonable Attorneys' Fees, Costs and Interest" in support of the previously filed "Petition for Attorneys' Fees,

Interests and Costs" and in response to Defendant's Brief in Opposition to Plaintiffs' Petition for Attorneys' Fees, Interests, and Costs. (See Doc. 227.)

8. Defendant presumes that the information that Plaintiff was directed to be produced pursuant to the Court's Order of December 11, 2015 was provided *in camera*, as none of the information was provided to counsel for the Defendant, or filed of record.[1]

9. In Plaintiff's Reply Brief, Plaintiff also represents that an itemized bill "is being submitted for an in-camera review without waiving any and all applicable privileges"[2] and that "the itemized bill has now been submitted to the Court...." (Doc. 227, pp. 6 and 8.)

---

[1] Defendant was also not provided with a copy of any cover letter to the Court, nor was Defendant provided with redacted versions of any of the documents referred to by the Court in its December 11, 2015 Order. Accordingly, Defendant can only presume that the information was provided to the Court for an *in camera* review.

[2] Defendant has not been provided with a privilege log setting forth the "applicable privileges." However, according to Plaintiff's Reply Brief, the itemized bill was created **_after_** the trial of this matter and in support of Plaintiff's petition for attorney fees. (See Doc. 227, p. 6 ("[T]his Court in its Order (Document 225) seems to be perplexed in reference to the 64.5 hours to create a 'straight forward petition for attorney fees.' The Court may not have considered the time to go through the materials and information to come to an itemized bill....").) As the itemized bill was not created until after the trial and for the sole purpose of substantiating Plaintiff's petition, Defendant is at a loss as to why Plaintiff's counsel would have included privileged information in the itemized bill, and, should Plaintiff be asserting work product privilege, Defendant cannot imagine how a bill created after the trial

3

10.     To date, the Plaintiff has provided Defendant with no documentation supporting his fee petition, and, as such, Defendant has thus far been denied the opportunity to challenge the reasonableness of the requested fee

11.     Defendant, as the party opposing the fee award, "has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee."  <u>Rode v. Dellarprete</u>, 892 F.2d 1177, 1183 (3d Cir. 1990).

12.     In addition, Plaintiff's Reply Brief contains factual errors which can be proved by citation to the trial record and other documentation, and which can be addressed in a sur reply brief.[3]

---

and solely to support a petition for fees could constitute work product under the Federal Rules of Civil Procedure, which protects "documents prepared **in anticipation of litigation or for trial** ...." Fed.R.Civ.P. 26(b)(3(A)(emphasis added).

[3]     For example, on pages 13 and 14 of the Reply Brief, Plaintiff attempts to distance himself from his $9,000,000 demand made both before the Pretrial Conference and during the conference, as well as again during the week of trial, arguing that Defendant's "claim .... that Plaintiffs' demand at time of pretrial was $9,000,000" is "completely false."  (Doc. 227, pp. 13-14.)  As Defendant requests the opportunity to address in its *sur* reply brief, the Plaintiff demanded $9,000,000 prior to the trial, and at one point in the case actually demanded $150 million, receiving, however, only $100,000 at trial – a mere .06% of what was sought.

That the Plaintiff received from the jury fractions of a single percentage point of what he sought is directly relevant to analysis the Court must conduct relative to the claim for attorney's fees. "[W]hen calculating a reasonable fee under Section 8371," the trial court must consider several factors, including the "quality of services rendered." The Birth Center v. The St. Paul Cos., Inc., 727 A.2d 1144, 1160 (Pa.Super. 1999). "The amount of damages awarded, when compared with the amount of damages requested, may be one measure of how successful the plaintiff was in his or her action …." Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1042 (3d Cir. 1996). Therefore, the capture of a mere .06% of what the Plaintiff requested prior to trial is relevant to the question of a fee award and explains why the Plaintiff's lawyers now seek to run from demands they both made in writing and admitted to in open Court.

The proof that will be discussed in the proposed *sur* reply brief includes:

- Exhibit 1 is a copy of Plaintiff's counsel's e-mail of October 19, 2015. In the e-mail, Plaintiff makes a demand of "2% of the surplus of NYCM Insurance." (Ex. 1, p. 1 ("We believe that a fair settlement in this case would be 2% of the surplus of NYCM Insurance…. Honestly, from the limited focus groups we have done you may be looking at 5% to 10% of the surplus."). Defendant's net worth is, as testified to during trial, approximately $450,000,000. (Notes of Testimony, Day 4, p. 52, ln. 13-16.) Therefore, Plaintiff's demand on October 19, 2015 was $9,000,000.

- Exhibit 2 is relevant portions of the transcript from the Pretrial Conference conducted on October 23, 2015. During the conference, Plaintiff's counsel responded in the affirmative to the following question from the Court: "Let me – let me just say, are you demanding nine million dollars?" (Ex. 2, p. 55, ln. 1-4.) Therefore, Plaintiff's demand at the time of the October 23, 2015 Pretrial Conference was $9,000,000.

- Exhibit 3 establishes that Plaintiff's demand prior to October 19, 2015 had, in fact, greatly exceeded $9,000,000. On June 24, 2015, Plaintiff sent an e-mail to defense counsel in which Plaintiff made a demand for "1/3 of the net worth of NYCM insurance for a full and complete release of Plaintiffs' claims." (Ex. 3, p. 2.). As Defendant's net worth is

5

13. Accordingly, Defendant respectfully requests leave of Court to file a *sur* Reply Brief after the Court has addressed Plaintiff's assertions of privilege and after Defendant has been provided with a copy of the itemized bill, fee agreement, and affidavits so as to enable Defendant to challenge "with sufficient specificity" the reasonableness of the fee requested by Plaintiff.

14. Pursuant to the local rules, the undersigned has sought the concurrence of plaintiff's counsel in this matter and said concurrence was not given.

WHEREFORE, Defendant respectfully requests leave to file leave to file a sur reply brief within 20 days of time after the Court has completed its in camera review of Plaintiff's fee agreement, affidavits, and itemized billing, and the Plaintiff provides supporting documentation to counsel for Defendant.

---

approximately $450,000,000, Plaintiff's demand on June 24, 2015 was, therefore, approximately $150,000,000.

- Plaintiff also states that he "demanded $450,000 as a low to resolve the case;" (Doc. 227, p. 14, n. 9.), and, later, Plaintiff references this offer as a "demand" for $450,000; (Doc. 227, p. 14 ("Plaintiffs' demands of $245,000 and $450,000"). This can best be described as misleading. In regard to a proposed "high low" agreement, Plaintiff advised that he would agree to "$450,000 to 5% of the surplus (approximately $22,500,000)" in the October 19, 2015 e-mail. (Ex. 1, p. 1.)

        Respectfully submitted,

        **DICKIE, McCAMEY & CHILCOTE, P.C.**

Date: <u>January 11, 2016</u>          By: <u>/s/ *Bryon R. Kaster*</u>
        Bryon R. Kaster, Esquire
        Attorney I.D. No. 91707
        Plaza 21, Suite 302
        425 North 21st Street
        Camp Hill, PA  17011-2223
        717-731-4800
        *Attorney for Defendants, New York Central Mutual Fire Insurance Company and/or NYCM Insurance Group and/or NYCM Holdings, Inc.*

Date: <u>January 11, 2016</u>          By: <u>/s/ *Charles E. Haddick, Jr.*</u>
        Charles E. Haddick, Jr., Esquire
        Attorney I.D. No. 55666
        Plaza 21, Suite 302
        425 North 21st Street
        Camp Hill, PA  17011-2223
        717-731-4800
        *Attorney for Defendants, New York Central Mutual Fire Insurance Company and/or NYCM Insurance Group and/or NYCM Holdings, Inc.*