UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BERNIE CLEMENS,** | : | |
| **Plaintiff** | : | CIVIL ACTION NO. 3:13-2447 |
| v. | : | |
| | | **(JUDGE MANNION)** |
| **NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY,** | : | |
| | : | |
| **Defendant** | | |
| | : | |

# O R D E R

Pending before the court is the defendant's motion for leave to file a sur-reply brief in opposition to the plaintiff's petition for attorney's fees. (Doc. 231).[1] Upon review, the defendant's motion will be granted.

By way of relevant background, the plaintiff filed a petition for attorney's fees, interest and costs on November 20, 2015. (Doc. 215). On December 4, 2015, the defendant filed a brief in opposition to the plaintiff's petition. (Doc. 222).

By order dated December 11, 2015, in relation to the plaintiff's petition for attorney's fees, the court directed the plaintiff's counsel to file "a copy of the fee agreement entered into with their client for the court's consideration",

---

[1]The court notes that, although the plaintiff's counsel did not give their concurrence in the motion, (Doc. 231, p. 6, ¶14), neither did they file a brief opposing the motion.

as well as "a sworn verification, under penalty of perjury, from **each** attorney or non-attorney for whom fees have been requested in this action verifying that the fees requested are accurate and were for the actual and necessary services performed in the representation of the plaintiff in this matter". (Doc. 225).

On December 21, 2015, one of the plaintiff's counsel, Marsha Lee Albright, hand delivered several items to the court for *in camera* inspection. Included among these items were the affidavits of five attorneys from the Pisanchyn Law Firm, the contingent fee agreement entered into between the plaintiff and the Pisanchyn Law Firm, and two sets of time records - one covering the plaintiff's underlying UIM claim and one covering the plaintiff's bad faith claim. Although the plaintiff's counsel submitted these documents *in camera*, no assertion of privilege accompanied the documentation. Moreover, upon review of the documents there does not appear to be any privilege which can be asserted with respect to the documents.[2] The court will

---

[2]The plaintiff had previously represented in his petition for attorney's fees that "[t]ime logs have been redacted out of concern for privilege, but not limited to attorney/client privilege but will be made available immediately for in camera inspection by the Honorable Court upon request." (Doc. 215, n. 2). Further, it was indicated that "[p]laintiffs Fee Agreement has been redacted out of concern for privilege, but not limited to attorney/client privilege but will be made available immediately for in camera inspection by the Honorable Court upon request." (Doc. 215, n. 3).

therefore direct that these items be docketed and placed on the record by the Clerk of Court.

In its pending motion, the defendant requests time to file a sur-reply after the court has completed its review of the *in camera* documents and the documentation has been received by defendant's counsel. In order for the defendant to prepare a more complete response as to the reasonableness of the request for attorney's fees, interest and costs, the court will allow the defendant fourteen (14) days from the date of this order and entry of the relevant documents on the record to file a sur-reply. The plaintiff's counsel will have seven (7) days thereafter to file a response, if they choose to do so.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** the Clerk of Court is directed to docket as exhibits in support of the plaintiff's petition for attorney's fees, interest, and costs, those items delivered to the court by the plaintiff's counsel for *in camera* inspection;

**(2)** the defendant's motion for leave to file a sur-reply brief in opposition to the plaintiff's petition for attorney's fees, interest and costs, **(Doc. 231)**, is **GRANTED**;

**(3)** within **fourteen (14) days** of the date that the *in camera* exhibits are placed on the docket, the defendant shall file its

sur-reply brief; and

**(4)** the plaintiff's counsel will have **seven (7)** days from the date of the defendant's sur-reply to file a response, if they choose to do so.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date:   January 24, 2017**

O:\Mannion\shared\ORDERS - DJ\CIVIL ORDERS\2013 ORDERS\13-2447-09.wpd