IN THE UNITED STATES DISTICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BERNIE CLEMENS,          :
                       :
         Plaintiff,      :     Civil Action No. 3:13-cv-02447
v.                     :
                       :     (Mannion, J.)
NEW YORK CENTRAL MUTUAL:
FIRE INSURANCE COMPANY  :
AND/OR NYCM INSURANCE  :
GROUP AND/OR NYCM      :
HOLDINGS, INC.,         :     ELECTRONICALLY FILED
                       :
        Defendant,    :

## PLAINTIFF'S REPLY BRIEF TO DEFENDANT'S SUR REPLY BRIEF TO PLAINTIFF'S PETITION FOR ATTORNEYS FEES, INTEREST AND COSTS

## TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT

    1. Sworn Verifications. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    2. Timesheets. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    3. Attorneys Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
       A. Specificity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
       B. Reasonableness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
       C. Hourly Rate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
    4. 1717 Factors. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15


CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

WORD COUNT

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

Bell v. United Princeton Properties, Inc., 884 F.2d 713 (3d Cir. 1989).

Blum v. Witco Chem. Corp., 888 F.2d 975 (3d Cir. 1989).

Fletcher v. O'Donnell, 729 F.Supp. 422 (E.D. Pa. 1990).

Forgione v. AC&R Advertising, Inc., 147 FRD 30 (S.D.N.Y. 1993).

Harkless v. Sweeny Independent School District, 608 F.2d 594 (5th Cir. 1979).

Hogan v. General Elec. Co., 144 F.Supp. 2d 138 (N.D.NY 2001).

Hensley v. Eckerhart, 461 U.S. 424 (1983).

Interfaith Community Org. v. Honeywell In'l, Inc., 426 F.3d 694 (3rd Cir. 2005).

Jean v. Nelson, 863 F.2d 759 (11th Cir. 1988).

Johnson v. University College, 706 F.2d 1205 (11th Cir.) cert. denied, 464 U.S. 994, 104 S.Ct. 489, 78 L.Ed.2d 684 (1983).

Jurinko, 2006 U.S. Dist. LEXIS 13601 (E.D. Pa. 2006).

Keenan v. City of Phila., 983 F.2d 459 (3d Cir. 1992).

Kresky Enterprises Corp. v. Magid, 716 F.2d 215 (3d. Cir. 1983).

Maldonado v. Houston, 256 F.3d 181 (3d. Cir. 2001).

Pierce v. Underwood, 487 U.S. 522, 108 S.Ct. 2541, 101 L.Ed. 2d 490 (1988).

Raymond H. Wong, Inc. v. Xue, No. 115269/04 (N.Y. Sup. Ct. N.Y. Cty. 1/21/05).

Richerson v. Jones, 506 F. Supp. 1259 (E.D. Pa. 1981).

Rode v. Dellarciprete, 892 F.2d 1177 (3d Cir. 1990).

IN THE UNITED STATES DISTICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BERNIE CLEMENS, | : | |
| | : | |
| **Plaintiff,** | : | Civil Action No. 3:13-cv-02447 |
| v. | : | |
| | : | (Mannion, J.) |
| NEW YORK CENTRAL MUTUAL | : | |
| FIRE INSURANCE COMPANY | : | |
| AND/OR NYCM INSURANCE | : | |
| GROUP AND/OR NYCM | : | |
| HOLDINGS, INC., | : | ELECTRONICALLY FILED |
| | : | |
| **Defendant,** | : | |

## PLAINTIFF'S REPLY BRIEF TO DEFENDANT'S SUR REPLY BRIEF TO PLAINTIFF'S PETITION FOR ATTORNEYS FEES, INTEREST AND COSTS

1. SWORN VERIFICATIONS

Defendant's first objection is directed towards the requirement issued by

The Honorable Court wherein the individuals within Plaintiff's Firm, who had

worked on this case, were to submit an affidavit verifying that the fees requested

are accurate and are for the actual and necessary services performed for the

representation of the Plaintiff in this matter.  In compliance of the same, on

December 21, 2015, separate, executed affidavits affirming the fees entries were

accurate and reasonable were submitted by the active employees of the firm at the time of the filing.[1]

Plaintiff had addressed Defendant's concerns in Plaintiff's Reply Brief in Support of his petition wherein it was conveyed "Plaintiffs began representation of Plaintiffs over six years ago in 2009. During that time, attorneys and/or staff have since left employment with the firm. As such, Plaintiffs have provided affidavits of the attorneys employed by the firm at the time of this filing." See Plaintiff's Reply Brief (Document 227) at 10, fn. 5.

Defendant specifically contests a July 6, 2010, time entry of an attorney review of correspondence. The Defendant concedes that they are aware that it was a letter from Attorney Keith Figured to the Defendant. Despite this knowledge and concession, Defendant argues that Plaintiff should not be compensated for the work performed because Attorney Figured was not available to affirm through an affidavit that he wrote this letter, albeit almost seven years ago; and the actual letter in Defendant's possession.

Defendant continues to allege additional tasks performed by Attorney Figured very early in the representation, but not limited to telephone conferences, that Defendant correctly identifies through review of their records, occurred between Plaintiff's Firm and the assigned adjuster at that time, Mr. James

---

[1] Defendant has failed to cite any authority that Plaintiff's submissions are not in compliance with the Order of the Honorable Court and/or that the submission of the same should bar Plaintiff's Counsel from recovery of the sought attorneys' fees.

Dvoracek.  Based upon the same, it is clear that Defendant was able to identify the individual within Plaintiff's firm that completed the tasks and to confirm that the correspondence and/or action took place.  It is interesting to note, that Defendant does not object to the time/billable fee associated with the items.

It is well understood in the legal community that when an attorney leaves a firm from which he/she was employed, there are ethical duties and obligations when this occurs.  In addition to the ethical obligations departing lawyers have, they also must avoid interfering with the contracts the firm has with existing clients.  Raymond H. Wong, Inc. v. Xue, No. 115269/04 (N.Y. Sup. Ct. N.Y. Cty. 1/21/05).

The same complications occur where staff are no longer under the direction and control of the subject firm and their supervising attorneys.  Pennsylvania lawyers are required to follow the Rules of Professional Conduct.  The Rules direct Law Firms and Supervising Attorneys to ensure that the conduct of the nonlawyers is compatible with the professional obligations of the lawyer.  The supervising lawyer is thus responsible for the work of their staff.

The work performed by staff in the instant matter would have been done under the direct supervision of the law firm and supervising attorneys.  The supervising attorneys who were active in the representation of the Plaintiff

submitted their affidavits.  As such, it is respectfully submitted, the affidavits apply to the work of the staff.[2]

For Defendant to argue that Plaintiff should not be paid for work completed on a case simply because that attorney is no longer with the firm is without merit. The work was completed either by the attorneys of the firm or by staff under the direction of supervising attorneys of the firm. Moreover, Defendant concedes the work objected to was completed by Attorney Figured, thus identifiable.  As such, Defendant's argument must fail and Plaintiff should be justly compensated for the work completed.

**2.** Timesheets

Defendant concedes that time sheets are not required by the Court where there is other reliable evidence to support the claim for the attorneys' fees. Johnson v. University College, 706 F.2d 1205 (11th Cir.) cert. denied, 464 U.S. 994, 104 S. Ct. 489, 78 L.Ed. 2d 684 (1983).[3] See Defendant's Sur Reply Brief (Document 235) at 7.

---

[2] It is averred that the staff members who were assigned to and completed the tasks submitted within Plaintiff's Fee Petition are no longer with the firm.  It is further believed and therefore averred with reasonable certainty that these former staff members are now employed and under the supervision of another firm and/or attorney; some of which in a government capacity which precludes outside legal activities other than that to which they are currently assigned.

[3] The Court in Johnson relied upon the basis of fee review set in Pierce v. Underwood, 487 U.S. 522, 108 S.Ct. 2541, 101 L.Ed. 2d 490 (1988).  Although both cases involved actions involving the United States and addressing whether the court would find that the position of the United States was substantially justifiable before authorizing the award of attorneys' fees, the Court further details the permissible means in establishing proof of worked performed to entitle counsel fees.

In Johnson, Plaintiff's Counsel was seeking payment of her fees through the filing of a fee petition. She did not have contemporaneous records for the hours she claimed to have worked. She advised the court she had reached her hourly figure based upon diary entries and work product found in her files.

The district court did not have to accept Plaintiff's Counsel's claim of hours as true. However, while the burden to substantiate a fee is on the counsel moving for the same, the lack of contemporaneous records does not justify an automatic reduction in hours claimed. Harkless v. Sweeny Independent School District, 608 F.2d 594 (5th Cir. 1979)(affirming award despite absence of time records).

In the matter at hand, Plaintiff's Counsel has submitted the other reliable evidence to support the claim for attorneys' fees. Plaintiff has provided the bill that correlates with the time management entries utilized by the firm as well as the documentation within the file.[4] Additionally, the attorneys within the Plaintiff's firm executed affidavits affirming that the work was done. As such, based upon the aforementioned, Defendant's argument must fail in that the lack of contemporaneous time records should not preclude Plaintiff's recovery of fees.

---

[4] Defendant alleges a billable activity occurred on March 16, 2011 that may have been inadvertently missed by Plaintiff's Counsel in dairying the same and subsequent loss in the billable time. Since this error is not to the detriment of Defendant, it is respectfully submitted it is a harmless error. Should Defendant wish to add the item to Plaintiff's bill in an interest of correcting the error, Plaintiff will not object.

**3.** Attorneys fee-Lodestar

An award of attorneys' fees to a prevailing party is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Interfaith Community Org. v. Honeywell In'l, Inc., 426 F.3d 694, 703 (3rd Cir. 2005). The reasonable hourly rate multiplied by the reasonable hours is known as the lodestar. Generally, the lodestar is presumed to be the reasonable fee. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). The party opposing the award must make specific objections to the requested fees. Id. At 1183.

The party opposing the fee award has the burden to challenge the requested fee with sufficient specificity.[5] Bell v. United Princeton Properties, Inc., 884 F.2d 713 (3d Cir. 1989). The district court cannot decrease a fee award based on factors not raised at all by the adverse party. Id. At 720.

A.  Specificity

Defendant correctly cited to Rode in regard to the specificity requirement of Plaintiff's Fee Petition. A fee petition is only required to be specific enough to allow the district court to determine if the hours claimed are reasonable for the

---

[5] Defendant claims that Plaintiff's Counsel has misread the process of documenting a fee petition and has compared Plaintiff's Counsel to the Plaintiff's attorney in Keenan v. City of Phila., 983 F.2d 459 (3d Cir. 1992). See Defendant's Sur Reply Brief (Document 235) at 5, fn. 5.It is respectively submitted it is Defendant who has misread Plaintiff's footnote. Plaintiff is not suggesting it is necessary to view Defendant's billing to determine items to be billed by Plaintiff. Plaintiff has provided a specific billing with documentation to support the award of Plaintiff's attorney fees, costs and interest. Plaintiff's submissions independently on their own. Plaintiff's statement was meant to convey Plaintiff's billing is indicative of going "toe-to-toe" with Defendant throughout the life of this case.

work performed.  Rode, 892 F.2d at 11905 quoting Pawlak v. Greenawalt, 713
F.2d 972 (3d Cir. 1983).  A fee petition should include the hours devoted to
**general activities** such as "pretrial discovery" and "settlement negotiations." It is
not necessary to know the exact number of minutes spent nor the precise activity to
which each hour was devoted nor the specific attainments of each attorney.  Rode,
892 F.2d at 1190 (quoting Lindy Bro. Builders, Inc. v. American Radiator &
Standard Sanitary Corp., 487 F.2d 161 (3d Cir. 1973)(emphasis added).  Defendant
argues that Plaintiff's failure to identify the specific attorney who completed the
billable entry precludes the Honorable Court from the ability to assess the
reasonableness of the hourly fee. Clearly, based upon the above, this argument
must fail.

Defendant additionally argues the description of some of the billable entries
are either items in their opinion would not be billable to a client and/or are
insufficiently described to enable the Honorable Court to determine the
reasonableness of the fees requested.[6]  Merely because a task is "simple" does not
mean that it is unnecessary or repetitive.  Richerson v. Jones, 506 F. Supp. 1259
(E.D. Pa. 1981)(rejecting the assertion the claimed for "simple tasks" were
unnecessary and repetitive.  The court concluded that "preparation for argument,

---

[6] In support of the same, Defendant has attached the affidavit of one of the defense firm's employees who appears
to have worked for the defense firm for the last six (6) years in the billing department. Obviously, this employee of
Defendant is not only bias but also works for a defense firm rather than the billing that was made in regard to a
Plaintiff's law firm handling case and especially this type of case.

motions, briefs and letters were tasks which must be accomplished to prepare for

court proceedings and to control litigation and are therefore, compensable.  As

such, a reduction in the hourly rate for these tasks is not appropriate.

As the Honorable Court is aware, this documentation generated in this case

is voluminous.  Upon the filing of this instant reply, the docket will reflect two

hundred thirty-six (236) documents that have been filed on the case. In order to be

successful in the representation of our client, Plaintiff had the burden to show, inter

alia, an unreasonable delay of the payment of benefits of the underinsured claim.

The entire case was based upon the communications between the parties over the

six (6) year period.  It was not unusual, and more par for the course, to receive

multiple correspondences per day via facsimile from Defendant.  Many of the

correspondences would not be from the same author and, more often than not, the

communications postured two different positions and/or contained information

contrary to prior communications; thus, requiring yet additional reply.  It is

respectfully submitted that Plaintiff's organization of the mountain of documents

"brought to light" the inconsistencies the jury used to determine the verdict in

favor of Plaintiff.  As such the tasks entered as billable entries were necessary and

non-repetitive and Plaintiff should be compensated for the same.

B.  Reasonableness of Hours

Defendant next attempts to challenge the number of hours Plaintiff's

Counsel spent in preparation for and litigating the cause of action. More specifically, Defendant has challenged the work completed by any other attorney than Attorney Pisanchyn completed at time of trial and seek to remove ninety-six (96) hours of billable time of Attorney Yazinski and Attorney Albright.[7] Your Court should also recall Defendants had two attorneys and another working the trial director software and are sure all were paid but apparently Defendants believe Plaintiffs in the present should not have been able to have the same.

Pennsylvania Courts have recognized the retention of multiple counsel in complex cases is "understandable and not a ground for reducing hours claimed" because the use in involved litigation of a team of attorneys who divide up the work is common for both plaintiff and defense alike. Jean v. Nelson, 863 F.2d 759 (11 Cir. 1988).[8] While duplication of effort is proper ground for reducing a fee award, a reduction is warranted only if the attorneys are unreasonably doing the same work. Johnson, F.2d at 1208. See also, Rode, 892 F2d at 1187 (to reduce a fee award based on claims of redundancy, it must be shown that the attorneys were unreasonably doing the same work). The fact that more than one attorney provides

---

[7] Defendant similarly objects to 93.25 hours of research that was completed on the case over six (6) years. This amount would break down to 1.29 hours a month in regard to a case that began with allegations that New York Law applied and proceeded into a litigious battle evidence by over 235 documents docketed to the matter. Although it has been said "One thousand plodding hours may be far less productive than one imaginative, brilliant hour" (Hornstein, Legal Therapeutics: The "Salvage" Factor in Counsel Fee Awards, 69 Harv. L. Rev. 658 (1956), clearly an hour a month expended on research during the course of the matter with Defendant's constant "litigious warfare" is not only reasonable but completely indicative of the expertise of the attorneys within the Plaintiff's firm.

[8] See also, Kresky Enterprises Corp. v. Magid, 716 F.2d 215 (3d Cir. 1983)(Where the panel reversed the decision of the trial court in reducing the hours of service reasonably spent by counsel.

legal services on a matter, does not render all common entries impermissibly redundant or duplicative. Hogan v. General Elec. Co., 144 F. Supp. 2d 138 (N.D.NY 2001).

Defendant has failed to point to any specific instances where Plaintiff's Counsel's work was unreasonably duplicative.  To the contrary, within their brief Defendant itself conceded and differentiated the roles of Plaintiff's Counsel at the time of trial with, inter alia, Attorney Pisanchyn's presentation of the witnesses and exhibits, Attorney Yazinski bringing documents and important materials to the juries attention via trial director, and Attorney Albright's briefing and/or argument of the legal issues that arose during the course of the trial.[9]  As such, there is no basis for the reduction in fees.

C. Hourly rate

Defendant alleges Plaintiff's Counsel are not entitled to the hourly rate which they are entitled and in support of their argument challenge the credibility of the affidavit submitted by a seasoned attorney with a practice in the geographical location and in the area of the subject litigation. In support of their petition for fees, Plaintiff submitted an affidavit of Attorney Larry Moran wherein it is affirmed that the fee requested by Plaintiff's Counsel of four hundred twenty dollars ($420) is

---

[9] By way of further response, even fifteen months after a jury unanimously found in favor of Plaintiff and determined that Defendant had committed Bad Faith, Plaintiff is spending additional billable hours, but not limited to the drafting of this instant response.

10

reasonable for the area and for the type of representation being provided to Plaintiff.

Defendant then attempts a "Harvard v. Penn State Analysis" but in support of the same, drastically undermines the experience of Plaintiff's Counsel. In terms of years' experience of an attorney, Pennsylvania Courts do not look to the bar passage date as a starting point. If this were the case, numerous legal experts would be obsolete in that some have never even sat for a bar examination; but choose to focus their career as an expert in the field instead of litigating.[10]

Attorney Pisanchyn and Attorney Albright have approximately 16 years and 15 years respectively and focus their practice of law in the area of personal injury and bad faith litigation.[11] Defendant has not cited any legal authority which requires a practicing attorney to be Board Certified in their area of practice to request and receive the "rates prevailing in the community for similar service by lawyers."

The starting point in determining the appropriate hourly rate of an attorney is the attorneys' "usual billing rate." Forgione v. AC & R Advertising, Inc., 147 FRD 30, 33 (S.D.N.Y. 1933). Moreover, courts have used two methods in adjusting fees for the delay in setting fees for prevailing counsel. The courts may

---

[11] The number of years of experience of Attorney Pisanchyn and Attorney Albright, 15 and 16 years respectively, clearly fall at the upper end of the fee scale as provided by the Community Legal Service (CLS) hourly rate. It is well established that the Third Circuit has recognized this method in determining the reasonable hourly rate of an attorney. Maldonado v. Houston, 256 F.3d 181 (3d Cir. 2001).

11

base the fee award on current rates or adjust the fee award based on the historical rates to reflect the present value.  Blum v. Witco Chem. Corp., F 2.d 975 (3d Cir. 1989) citing Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711 (1987).  See also, Rode, 892 F.2d at 1184 (The district court can make an appropriate adjustment for delay in payment whether by application of current rather than historical hourly rates or otherwise).  Quoting Missouri v. Jenkins, 491 U.S. 274 (1989).

Based upon the above, Plaintiff's hourly rate is reasonable; both within the recommended guidelines as well as the standard rate for similarly situated counsel performing the legal services provided.

4. 1717 Factors

Plaintiff has previously addressed the 1717 application to the current matter but not limited to the time and effort spent by Plaintiff's Counsel, the quality of services rendered, the complexity and magnitude of the case, as well as the results achieved for Plaintiff.

Defendant attempts to dissuade the use of the applicable provisions of this section by again mentioning "counsel's professional methods" citing Jurinko, 2006 U.S. Dist. LEXIS 13601 (E.D. Pa. 2006) and attempting to mask the same as deferring consideration to the court.  In Jurinko, a plaintiff had brought suit against two different medical doctors for malpractice.  The doctors were noted to have the

same primary coverage through MCARE.  The defendant, knowing of the conflict, assigned the same attorney to represent both doctors in an admitted effort to keep costs down.  After verdict in favor of Plaintiff, the defendant than attempted to argue it could not be liable for any detriment to the representation of the doctor due to any conflict of interest.  However, the court held the jury had sufficient evidence that the insurer knew and endorsed the conflict of interest. Other than both cases being before the Federal Judiciary, the cases are completely distinguishable and Defendant's argument is without merit.[12]

Further, accusations of Plaintiff's Counsel's inferior performance, even if true, which is clearly not the case in the instant matter, does not justify the extraordinary step of reducing counsel's lodestar.  Quality multipliers are frowned upon by the courts.  Fletcher v. O'Donnell, 729 F. Supp. 422 (E.D. Pa. 1990).  The quality of the performance of counsel should not be used to adjust the lodestar.  Id.

Most importantly, Plaintiff was successful in persuading the jury to a unanimous verdict in their favor.  As such, the 1717 factors should be applied favorably in determining the reasonable fees which Plaintiff is entitled.

---

[12] The Court in Jurinkno further found the intentional conduct of Defendant to be reprehensible and intentional. However, in analyzing other cases, the court concluded that actions within a single case are "relevant but with less force" than if the repeated actions spanned across several matters.  Jurinko, Id.

13

**5.** Conclusion

Plaintiff's Counsel invested time, resources and intellectual focus in this case and fought hard every step of the way against adversaries that fought them tooth and nail.  In light of the same, Plaintiff respectfully requests this Honorable Court enter an Order approving the requested attorneys fees, costs and interest.

Respectfully submitted,

THE PISANCHYN LAW FIRM


Date:  February 13, 2017

BY:  /s/ Marsha Lee Albright, Esquire
Marsha Lee Albright, Esquire
I.D. 92765
524 Spruce Street
Scranton, PA 18503
570-344-1234
Attorney for Plaintiff

14

## WORD COUNT CERTIFICATE

AND NOW, this 13th day of February, 2017, I, Marsha Lee Albright,

Esquire, hereby certify that the content of Plaintiff's, Bernie Clemens, Reply to

Defendant's Sur Reply Brief contains __4225__ words in compliance with M.D.Pa.

Local Rule 7.8(b)(2).


Date:  February 13, 2017                   BY: /s/ Marsha Lee Albright, Esquire
                                           Marsha Lee Albright, Esquire
                                           I.D. 92765
                                           524 Spruce Street
                                           Scranton, PA 18503
                                           570-344-1234
                                           Attorneys for Plaintiff