**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BERNIE CLEMENS,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:13-2447** |
| v. | : | |
| **NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY,** | : | **(JUDGE MANNION)** |
| | : | |
| **Defendant** | : | |
| | : | |

## MEMORANDUM

Pending before the court is the defendant's renewed motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(b). (Doc. 223). Based upon the court's review of the motion and related materials, the defendant's motion will be dismissed in part and denied in part.

By way of relevant background, the instant insurance bad faith action was tried before a jury from November 2, 2015, through November 6, 2015. At the close of the plaintiff's case, the defendant moved the court to enter judgment as a matter of law in its favor pursuant to Fed.R.Civ.P. 50(a), arguing that there was insufficient evidence presented during the plaintiff's case from which a reasonable jury could conclude that the defendant was liable for bad faith conduct pursuant to Pennsylvania's bad faith statute, 42 Pa.C.S.A. §8371. The court heard argument from both parties on the matter, after which the defendant's motion was denied. On November 6, 2015, the jury returned a verdict in favor of the plaintiff in the amount of $100,000.

On December 4, 2015, the defendant filed the instant renewed motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(b). (Doc. 223). A supporting brief was filed on December 18, 2015. (Doc. 226). The plaintiff filed a brief in opposition to the defendant's motion on January 4, 2016. (Doc. 229).[1] On January 13, 2016, the defendant filed a reply brief. (Doc. 232).

Rule 50 of the Federal Rules of Civil Procedure permits a party to move for judgment as a matter of law at any time prior to the case being submitted to the jury. Fed.R.Civ.P. 50(a)(2). In doing so, the moving party must "specify the judgment sought and the law and facts that entitle the movant to the judgment". Id. If the motion is denied, the party may renew the motion after the jury returns its verdict, but not later than 28 days after the entry of judgment. Fed.R.Civ.P. 50(b). In considering a Rule 50(b) motion, the court can only address issues raised in the 50(b) motion which were first raised in the 50(a) motion. See Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1172 (3d Cir. 1993) ("In order to preserve an issue for judgment pursuant to Rule 50(b), the moving party must timely move for judgment as a matter of law at the close of the nonmovant's case, pursuant to Rule 50(a), and specify the grounds for that motion.").

---

[1]The court notes that the plaintiff has requested in a footnote in his brief in opposition that he be allowed to supplement his request for attorney's fees and costs for the additional time spent addressing post-trial matters. (Doc. 229, p. 11, n. 4). Procedurally, the plaintiff's request is improper. Therefore, the plaintiff's request is denied.

Provided that the motion is procedurally proper, in considering the merits of a Rule 50(b) motion:

> [T]he trial court must view the evidence in the light most favorable to the nonmoving party, and determine whether the record contains "the minimum quantum of evidence from which a jury might reasonably afford relief." The court may not weigh evidence, determine the credibility of witnesses or substitute its version of the facts for that of the jury. The court may, however, enter judgment notwithstanding the verdict if upon review of the record, it can be said as a matter of law that the verdict is not supported by legally sufficient evidence.

Parkway Garage, Inc. v. City of Philadelphia, 5 F.3d 685, 691-92 (3d Cir. 1993), *abrogation on other grounds recognized by* United Artists Theatre Circuit, Inc. v. Twp. of Warrington, Pa., 316 F.3d 392 (3d Cir. 2003) (citations omitted). The court may grant a Rule 50 motion "only if, viewing the evidence in the light most favorable to the nonmovant and giving [the nonmovant] the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." Lightning Lube v. Witco Corp., 4 F.3d at 1166. The question is not whether there is literally no evidence supporting the non-moving party, but whether there is evidence upon which the jury could properly find for the non-moving party. See Walter v. Holiday Inns, Inc., 985 F.2d 1232, 1238 (3d Cir. 1993) (citing Patzig v. O'Neil, 577 F.2d 841, 846 (3d Cir. 1978)). "[J]udgment as a matter of law should be granted sparingly . . ." CGB Occupational Therapy, Inc. v. RHA Health Servs., Inc., 357 F.3d 375, 383 (3d Cir. 2004).

In this case, the plaintiff brought a bad faith action against the defendant

3

relating to the defendant's handling of his supplementary underinsured motorist, ("SUM"), claim which arose out of a motor vehicle accident on August 26, 2009. The Pennsylvania bad faith statute reads in relevant part:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

42 Pa.C.S.A. §8371.

The parties agree that the bad faith statute does not define "bad faith", but that case law has defined bad faith as:

> any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

Terletsky v. Prudential Property and Casualty Ins. Co., 649 A.2d 680, 688 (Pa. Super. 1994) (quoting Black's Law Dictionary 139 (6th ed. 1990)) (citations omitted).

In order to succeed on a bad faith claim, a plaintiff needs to demonstrate that the defendant lacked a reasonable basis for its actions and that the defendant knew or recklessly disregarded its lack of reasonable

4

basis. Terletsky, 649 A.2d at 688; Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997). An insurance company acts recklessly if it acts with conscious disregard or deliberate indifference to the rights of its insured. See Polselli v. Nationwide Mutual Fire Ins. Co., 23 F.3d 747, 751 (3d Cir. 1994). See also Birth Center v. St. Paul Cos., 787 A.2d 376 (Pa. 2001). The plaintiff has the burden to prove his claim by clear and convincing evidence meaning evidence that is so clear, direct and substantial that the jury is convinced without hesitation that bad faith had been committed by the defendant. See Northwestern Mut. Life Ins. Co. v. Babayan, 420 F.3d 121, 137 (3d Cir. 2005); Polselli v. Nationwide Mut. Ins. Co., 23 F.3d at 752 (internal quotations omitted).

In its Rule 50(b) motion, the defendant raises three arguments. Initially, the defendant argues that there was insufficient evidence presented at trial from which a jury could reasonably find the defendant liable for bad faith. Next, the defendant argues that the court committed legal error in charging the jury as to the Pennsylvania bad faith law. Specifically, the defendant argues that the court erred in instructing the jury that the defendant had a "heightened duty of care" to the plaintiff. Finally, the defendant argues that no reasonable jury could have found bad faith on the part of the defendant pursuant to the objective standard to be applied under Pennsylvania law. Here, the defendant argues that it was undisputed at trial that the plaintiff failed to provided requested wage history and income information until June

5

16, 2014; the plaintiff did not provide the requested information until he was ordered to do so by the court; and the SUM claim was settled four days after the plaintiff provided the requested information. On this basis, the defendant argues that no reasonable jury could have found it guilty of bad faith within the meaning of §8371.

Upon review, only the first and third of the defendant's arguments were made at the close of the plaintiff's case pursuant to Fed.R.Civ.P. 50(a)(1). (Doc. 223, pp. 2-4). The second argument, relating to the "heightened duty" charge language, was raised during the charge conference when the defendant objected to the court's charge and asked the court to remove the language in light of the decision rendered in Condio v. Erie Ins. Exchange, 899 A.2d 1136 (Pa.Super. 2006). The court took the matter under advisement and later ruled that it would not remove the "heightened duty" language reasoning that Condio was not binding and had no effect on the Pennsylvania Suggested Standard Civil Jury Instructions in the nine years since it was decided, despite a number of revisions to the bad faith charge since the decision. While an objection to a jury charge can serve as a predicate for a later Fed.R.Civ.P. 50(b) motion, this will *only* occur where the court *explicitly* treated the objection as a Fed.R.Civ.P. 50(a) motion. Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co., 89 F.3d 976, 992-94 (3d Cir. 1996) (emphasis added) ("An objection to a jury charge can serve as a predicate for a later Rule 50(b) motion only if the district court explicitly treated the

6

objection as a Rule 50(a) motion.") (citing Bonjorno v. Kaiser Aluminum & Chemical Corp., 752 F.2d 802, 814-15 (3d Cir. 1984) (same), *cert. denied*, 477 U.S. 908 (1986); Lowenstein v. Pepsi-Cola Bottling Co. of Pennsauken, 536 F.2d 9, 11 (3d Cir.) (same), *cert. denied* 429 U.S. 966 (1976)). In this case, while the court noted that the defendant's objection to the jury instruction would be preserved, See Fed.R.Civ.P. 51, there is no indication in the record that the defendant requested that its objection be treated as a motion pursuant to Fed.R.Civ.P. 50(a) or that the court explicitly ruled upon the objection as such. Therefore, the court will decline to consider the defendant's Rule 50(b) motion to the extent that it challenges the jury charge given by the court and the defendant's motion will be dismissed with respect to this argument.

Turning then to the arguments properly before the court by way of the instant motion, bad faith is a fact intensive inquiry. In ruling on the defendant's motion for judgment as a matter of law under Fed.R.Civ.P. 50(a), the court found that there were substantive questions of fact that were for a jury to decide relating to whether or not the activities or inactivities by the defendant during the relevant time frame constituted bad faith under the statute. In considering the parties' arguments, the court determined that the plaintiff had presented sufficient evidence to allow the jury to make that determination. In reviewing the defendant's renewed motion, the court stands by its prior ruling.

During the week-long trial of this matter, the plaintiff presented the

testimony of those individuals at NYCM who were involved in the handling of the plaintiff's claim, as well as supervisory authorities, including Diane Wildey; Joseph Catalano; Albert Pyliniski; and James Dvoracek. The plaintiff also presented an expert witness, Stuart Setcavage. Various exhibits accompanied the testimony of the foregoing individuals, all of which provided a picture of the policies and practices of NYCM, as well as of the actions/inactions of the defendant's representatives during the time relevant to this case. Mr. Setcavage provided his opinion that the manner in which the plaintiff's SUM claim was handled constituted bad faith on the part of the defendant. Despite the narrow margin noted by the court in denying the defendant summary judgment in this matter, there were questions of fact to be resolved by the factfinders. It was within the province of the jury to determine what weight, if any, to give the witnesses and exhibits presented in this matter and resolve those questions of fact. Everything considered, the jury determined that the plaintiff met his burden of providing clear and convincing evidence that the defendant acted in bad faith in the handling of the plaintiff's SUM claim. Having sat through the trial, having reviewed the entire transcript of this matter, and viewing the evidence as a whole in a light most favorable to the plaintiff as the nonmoving party, the court finds that the record contains "the minimum quantum of evidence from which a jury might reasonably afford relief" to the plaintiff. Parkway Garage, Inc., 5 F.3d at 691-92. As such, the court will deny the defendant's renewed motion for judgment as a matter of

on this basis.

In its Rule 50(a) motion, the defendant also argued that the evidence established that the plaintiff's SUM claim was resolved within four days of receiving the plaintiff's wage history and that there had been ample evidence indicating that NYCM had a reasonable basis to question the nature and extent of the plaintiff's injuries, as well as his claim for lost wages and lost earning capacity. In the current motion, the defendant argues that, based upon the objective standard for bad faith, a jury could not reasonably find the defendant liable for bad faith with the undisputed evidence establishing that the plaintiff had failed to provide requested wage history and income information until June 16, 2014, after the court had ordered him to provide such information, and that the SUM claim in question was settled within four days of the plaintiff providing said information.

As discussed above, whether the actions taken by the defendant during the relevant period of time constituted bad faith in light of all of the circumstances was a question of fact to be resolved by the jury. The jury was instructed as to what constitutes bad faith under Pennsylvania law and the burden which the plaintiff had to meet in order to establish his claim. Having considered all of the evidence presented, the jury unanimously decided that the defendant committed bad faith in the handling of the plaintiff's claim. The jurors are the triers of fact. They consider the evidence presented, they weigh the credibility of witnesses, and they apply the law as given to them. Having

done all of this, the jury in this case found in favor of the plaintiff. It is not the province of the court to re-weigh the evidence presented or second guess the decision reached by the jury. On a motion for judgment notwithstanding the verdict, it is the duty of the court to determine, viewed in a light most favorable to the plaintiff, whether the record contains "the minimum quantum of evidence from which a jury might reasonably afford relief." As indicated above, the court has determined that it does. As such, the defendant's motion will be denied on this basis as well.

An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: August 29, 2017**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2447-01.wpd