## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| BERNIE CLEMENS, | : | |
| --- | --- | --- |
| Plaintiff | : | CIVIL ACTION NO. 3:13-2447 |
| v. | : | |
| NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, | : | (JUDGE MANNION) |
| | : | |
| Defendant | : | |
| | : | |

## **MEMORANDUM**

On November 6, 2015, a judgment in the amount of $100,000 was entered in favor of the plaintiff in the above-captioned matter. (Doc. 203). On November 20, 2015, the plaintiff's counsel submitted a bill of costs. (Doc. 214). The defendant filed objections to the bill of costs on November 30, 2015, (Doc. 218). On January 4, 2016, the plaintiff filed a response to the defendant's objections. (Doc. 230).[1]

---

[1] At all relevant times, Rule 54 of the Federal Rules of Civil Procedure has provided, in part, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." Fed.R.Civ.P. 54(d)(1). The corresponding Local Rule provides, in part, that "All bills of costs requiring taxation shall be taxed by the clerk, subject to an appeal to the court. Any party appellant shall, within seven (7) days of such taxation, file a written specification of the items objected to and the grounds of objection." L.R. 54.3.

In this case, the clerk never taxed costs after the bill of costs was filed on November 20, 2015. Despite this, the permissive language of the Federal
(continued...)

As noted above, Fed.R.Civ.P. 54(d)(1) provides, in relevant part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Rule 54(d) creates a "strong presumption" that costs are to be awarded to the prevailing party. Reger v. Nemours Found., Inc., 599 F.3d 285, 288 (3d Cir. 2010) (citing In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 462 (3d Cir. 2000)). "Taxable costs are those explicitly listed in 28 U.S.C. §1920." Smith v. City of Lebanon, 2011 WL 66018, at *1 (M.D.Pa. Jan. 10, 2011) (citing Fitchett v. Stroehmann Bakeries, Inc., 1996 WL 47977, at *1 (E.D.Pa. Feb. 5, 1996) (citations omitted)). "'Only if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party.'" Reger, 599 F.3d at 288 (quoting In re Paoli, 221 F.3d at 462-63, 468).

With the above in mind, the first costs which may be taxed under §1920 are "[f]ees of the clerk and marshal". 28 U.S.C. §1920(1). Here, the plaintiff's counsel has requested $127.10, which constitutes $115.75 for the filing of the complaint in Monroe County on August 23, 2013 and $11.35 for service of the

---

¹(...continued)
Rules of Civil Procedure allows the court to consider the plaintiff's bill of costs, as well as the objections thereto, without the clerk having done so. Moreover, it would be futile at this stage to direct the clerk to tax costs and have the parties resubmit what is already before the court as the defendant's objections and the plaintiff's response thereto.

2

complaint on September 6, 2013. While the defendant asks, generally, that all costs be disallowed as inequitable[2], in the alternative, the defendant argues that the plaintiff should only be allowed lawful and reasonable costs. The defendant includes in those lawful and reasonable costs the $127.10 for

---

[2]Under Rule 54(d), a prevailing party is generally entitled to an award of costs unless the award would be "inequitable." Duchesneau v. Cornell Univ., 2015 WL 619609, at *3 (E.D. Pa. Feb. 11, 2015) (citing Friedman v. Ganassi, 853 F.2d 207, 211 (3d Cir. 1988)). Denying costs to a prevailing party is considered to be "a penalty for some defection on [the prevailing party's] part in the course of the litigation." Id. (citing Smith v. Southeastern Pa. Transp. Authority, 47 F.3d 97, 99 (3d Cir. 1995) (internal citations omitted)). Examples of such defections warranting the denial of costs include, "calling unnecessary witnesses, bringing in unnecessary issues or otherwise encumbering the record, or . . . delaying in raising objection fatal to the plaintiff's case." Id. (quoting Institutionalized Juveniles v. Sec'y of Pub. Welfare, 758 F.2d 897, 926 (3d Cir. 1985)). Generally, a court may consider a number of equitable factors in reviewing a costs award, including "the unclean hands, or bad faith or dilatory tactics, of the prevailing party[.] In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 463 (3d Cir. 2000).

     Here, there is certainly an argument that the court would be justified in completely denying the bill of costs submitted by the plaintiff's counsel. In reviewing the record, the court has counted approximately 75 occasions during the five day trial on this matter (the fifth of which was limited to closing arguments and the jury charge) on which the plaintiff's trial counsel, Michael J. Pisanchyn, Jr., had to be admonished for his conduct, including, but not limited to, his repeated failure to properly identify exhibits introduced at trial, his continuous improper use of videotaped depositions to show prior consistent (versus inconsistent) statements which greatly and unnecessarily lengthened the time of trial, and his repeated failure to follow instructions given by the court which, on one occasion, resulted in the court having to threaten Mr. Pisanchyn with the use of the United States Marshals. Given Mr. Pisanchyn's conduct at trial, the likes of which this court has never witnessed even with the most inexperienced and least competent counsel, the plaintiff's counsel is fortunate that the pending bill of costs is not denied out of hand.

the fees of the clerk. The court finds these costs to be reasonable and therefore will direct that the clerk tax costs for the fees of the clerk in the amount of $127.10.

The next area of costs allowable under §1920 is "fees for printed or electronically recorded transcripts necessarily obtained for use in the case". 28 U.S.C. §1920(2). Under this category, counsel has requested the amount of $9,343.50, broken down as follows:

| | | | |
|---|---|---|---|
| 1. | Court reporter 6-30-14 Love Reporting<br>(339 pages-videographer 705.00-Shipping 14.00) | | $2,484.30 |
| 2. | Court reporter 7-30-14 Love Reporting<br>(231 pages-Shipping 14.00) | | $ 544.60 |
| 3. | Court reporter 9-5-15 Love Reporting<br>(217 pages-Videographer $820.00-Shipping 14.00) | | $2,070.00 |
| 4. | Court reporter 9-9-15 Love Reporting<br>(529 pages-Videographer $1,420.00-Shipping 14.00) | | <u>$4,244.60</u> |
| | | **TOTAL** | **$9,343.50** |

With respect to these costs, citing to a number of cases out of the Eastern District of Pennsylvania, the defendant argues that a prevailing party is not permitted to recover the costs of both stenographic transcripts and videotapes of depositions. The defendant argues that the plaintiff used only the videotapes during the trial and, as such, should only be allowed those costs. The defendant further objects to these costs to the extent that the plaintiff attempts to be reimbursed for the shipping of the transcripts. In response, the plaintiff's counsel argues that both the videotaped depositions

4

and the stenographic transcripts were used during trial, in that a video clip would be run with the stenographic words scrolling along the bottom of the video clip. Since both the stenographic transcripts and the videotaped depositions were used in the course of trial, counsel argues an entitlement to costs for both.

While the Third Circuit has not yet considered the issue of whether a prevailing party can recover costs for both stenographic transcription and videotape deposition costs, a number of other circuit courts have found that a party may recover both, *if* that party can demonstrate that *each* was reasonably and individually necessary for use in the case. See Stanley v. Cottrell, Inc., 784 F.3d 454, 466-67 (8th Cir. 2015); In re Ricoh Co., Ltd. Patent Litig., 661 F.3d 1361, 1370 (Fed.Cir. 2011); Little v. Mitsubishi Motors N. Am., Inc., 514 F.3d 699, 702 (7th Cir. 2007); BDT Prods., Inc. v. Lexmark Int'l, Inc., 405 F.3d 415, 420 (6th Cir. 2005), *abrogated on other grounds by* Taniguchi v. Kan Pac. Saipan, Ltd., ___ U.S. ___, 132 S.Ct. 1997 (2012); Cherry v. Champion Int'l Corp., 186 F.3d 442, 448-49 (4th Cir. 1999); Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1477-79 (10th Cir. 1997).

While counsel in this case has argued that both the videotaped depositions and the stenographic transcripts were used during trial, counsel has not demonstrated that each of these was reasonably and individually necessary for use in the case. Individual "[n]ecessity for use at trial means more than for convenience of the party or duplication." See Pharm. Res., Inc.

v. Roxane Labs., Inc., 2008 WL 2951173, at *5 (D.N.J. July 25, 2008) (citing Cherry v. Champion Int'l Corp., 186 F.3d at 449). In the court's view, no such necessity was evident and because counsel has failed to demonstrate the individual necessity of both the videotaped depositions and stenographic transcripts, the court will allow the costs for only one. To this extent, the plaintiff's counsel argues that both the videotaped deposition and stenographic transcripts were used primarily to impeach the defendant's witnesses. The court finds that the videotaped depositions would allow the jury to more readily assess the credibility of a witness than would a stenographic transcript. Thus, with the exception of the one entry for which only a stenographic transcript was obtained (in the amount $544.60), only the videotaped deposition costs will be allowed (cumulatively in the amount of $2,945.00).

As for the plaintiff's attempt to recover the shipping fees related to the transcripts, these costs are not enumerated in §1920 and, therefore, the court finds that they are not taxable. See In re Aspartame Antitrust Litig., 817 F.Supp.2d 608, 617 (E.D.Pa. 2011). See also Neena S. ex rel. Robert S. v. School Dist. of Philadelphia, 2009 WL 2245066 (E.D.Pa. July 27, 2009) (quoting Matter of Penn Central Transp. Co., 630 F.2d 183, 191 (3d Cir. 1980)).

Given the above, the court will reduce the costs requested by counsel for transcripts. The court will direct the clerk to tax the amount of $3,489.60

for those costs sought under 28 U.S.C. §1920(2).

The next category of costs to be addressed is "[f]ees and disbursements for printing and witnesses" under §1920(3). Here, counsel seeks costs in the amount of $765.66 for the witnesses which are itemized on page two of the bill of costs. In reviewing page two of the plaintiff's bill of costs, the plaintiff seeks $525.66 for Bernie Clemens - $240.00 for attendance at his deposition and the trial and $285.66 for mileage, and $240.00 for Nichole Clemens for attendance at her deposition and the trial. The defendant does not challenge these costs which are allowable under §1920(3). Therefore, the court will direct the clerk to tax costs under §1920(3) in the amount of $765.66.[3]

Pursuant to §1920(4), the clerk may tax as costs "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case". Counsel for the plaintiff seeks $1,151.17 for the costs of copying various medical records and litigation documents, as well as $159.00 for the creation of demonstrative trial exhibits.

---

[3]The court notes that, in the exhibit itemizing witness costs, the plaintiff's counsel includes an amount of $32,000 for the plaintiff's expert witness, simply listing "Redacted" as the basis for the amount. In addition, counsel includes $325.00 for mileage fees for the expert witness's attendance at trial. Neither of these amounts are included on the plaintiff's bill of costs subject to the required declaration under penalty of perjury and no supporting documentation has been submitted in support of these amounts. Thus, to the extent counsel is, in fact, seeking these amounts under §1920(3), they are disallowed.

With respect to counsel's request for costs for printing and/or copying, the defendant argues that counsel has provided no evidence showing the nature of the documents copied, including how they were used or intended to be used in the case. The defendant further argues that the plaintiff has not identified the specific documents copied or the number of copies made. Moreover, to the extent that the plaintiff is seeking reimbursement for the costs of creating or copying the demonstrative evidence used by the plaintiff at trial, the defendant argues that this constituted "summaries, computations and statistical comparisons", which is not taxable pursuant to L.R. 54.4(6).

In response to the defendant's objection that there is no evidence relating to the nature of the documents copied, the plaintiff's counsel argues that a statement of costs with an itemization of the copying costs has been provided which identifies the provider of the services, the date, the fee charged, and the number of pages.[4]

---

[4]In relation to copy fees, the plaintiff's counsel argues that 7,000 bates stamped pages of materials were "presented" at the time of trial and that counsel "moved for the submission of over 300 trial exhibits". Counsel notes that copies of these exhibits were in the courtroom throughout the trial and had to be referenced on multiple occasions.

In fact, the plaintiff's counsel had submitted an exhibit list prior to trial which identified 342 exhibits spanning some 7,359 bates stamped pages. (A number of these "exhibits" were documents such as case management orders, motions for extensions of time, motions to exceed pages limitations, etc., which would have no relevance at trial.) Upon review, the court informed counsel that the exhibit list failed to conform to the requirements of the Local
(continued...)

Upon review, the statement of costs incurred does not provide the information represented by the plaintiff. In fact, there are two categories of documents for which the plaintiff seeks costs. The first category is for medical records. As to these copies, the plaintiff fails to identify the provider, the number of pages or the cost per page. Instead, the four entries in this category simply provide "Medical record" with a date and amount. The second category is titled "Litigation Documents". This category has six entries which provide a date, "Staples", and an amount. Again, there is no information providing the number of pages or the costs per page. While counsel for the plaintiff has signed the declaration accompanying the bill of costs which declares under penalty of perjury that the amounts included in the bill of costs are correct and were necessarily incurred in this action, the court has no way to decipher from the information provided whether the $1,151.17 sought by

---

[4](...continued)
Rules, after which counsel submitted a second exhibit list which included an additional 36 exhibits spanning another 1,054 bates stamped pages. (The court notes that the revised exhibit list also did not conform to the format provided in the Local Rules, but was accepted by the court to avoid further needless delays, as unfortunately counsel seemed unable to follow even the simple formatting required under the local rules.) By the court's records, despite having listed some 456 exhibits consuming well over 8,000 bates stamped pages, the plaintiff only actually referred to approximately 36 exhibits at trial. The court finds counsel's representation that over 7,000 bates stamped pages were "presented" at trial and that counsel "moved for the submission" of over 300 exhibits to be yet another example of counsel's complete lack of candor to the court and a serious and apparent willful disregard of the truth.

the plaintiff for copying costs is reasonable. Counsel has failed to provide any specifics in the statement of costs or to attach any supporting documentation as to the number of pages provided or the cost per page. For this reason, together with the substantial question of counsel's credibility, the court will disallow the costs relating to printing and/or copying. See e.g., Shaw v. Cumberland Truck Equipment Co., 2012 WL 1130605 (M.D.Pa. Mar. 30, 2012) (Where counsel failed to provide any specifics relating to the number of copies or cost per page, or any documentation in support thereof, the court disallowed copying expenses under §1920(4).).

With respect to the $159.00 counsel requests for demonstrative trial exhibits, it is argued that federal courts have traditionally found costs related to the production of copies of demonstrative evidence as taxable costs under §1920(4). Under Local Rule 54.4(6), costs for demonstrative exhibits, such as charts, are taxable expenses *only* if they are admitted into evidence. In this case, the record demonstrates that no demonstrative exhibits were admitted into evidence. Therefore, the court will not allow the costs associated with the plaintiff's demonstrative exhibits.

Finally, listed under "Other costs", counsel includes the astonishing amount of $902,655.00 for attorney's fees, despite the fact that Attorney's fees are clearly not taxable under §1920 and must be requested by way of a

separate motion under Fed.R.Civ.P. 54(d)(2).[5] Therefore, the court will disallow any such amount requested in the plaintiff's bill of costs and resolve the many issues related to that motion in a separate proceeding.

In sum, the court will direct the clerk to tax the following costs requested by the plaintiff's counsel in the bill of costs:

| | |
|---|---:|
| - Fees of the Clerk | $ 127.10 |
| - Fees for transcripts | 3,489.60 |
| - Fees for witnesses | 765.66 |
| **TOTAL** | **$ 4,382.36** |

An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: August 29, 2017**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2447-02.wpd

---

[5]It is noted that the plaintiff's counsel has pending before the court a separate petition for attorney's fees, interest and costs, in excess of one million (1,000,000.00) dollars. (Doc. 215).